ROBERT B. BURNS, *d/b/a*

TWIN RIVERS STEEL COMPANY

*v.*

CITIES SERVICE COMPANY, *etc., et al.*

(No. 13488)

Decided July 29, 1975.

*Goldenberg & Hayhurst, Robert T. Goldenberg, Richard A. Hayhurst* for appellant.

*Raymond R. Hyre and J. K. Chase, Jr.* for appellees.

SPROUSE, JUSTICE:

Robert Burns, doing business as Twin Rivers Steel Company, appeals from the judgment of the Circuit Court of Marshall County in an action instituted by Burns against Cities Service Company, Columbian Carbon Company, Lawson-Light, Inc., and The Lummus Company. The action was brought to enforce a mechanic's lien for work done pursuant to a subcontract with Lawson-Light, Inc. By intervention, R. G. Richardson, Ira Houghton and the United States of America were made parties.

The trial court granted separate motions for summary judgment, dismissing the mechanic's lien as not timely filed and dismissing the appellant as a party. It is this latter action that the plaintiff appeals. The sole question presented for decision is whether the trial court properly granted summary judgment, dismissing appellant Burns as a party having no interest in the subject matter of the civil action.

Cities Service Company, the successor corporation of Columbian Carbon Company, contracted with The Lummus Company for construction of certain buildings on land owned by Columbian Carbon in Marshall County. Lawson-Light was a subcontractor with Lummus on the project. Lawson-Light, in turn, entered into a contract with the plaintiff to furnish labor and equipment for erection of the buildings. The contract, dated April 15, 1970, provided for a total contract price of $60,350.

On August 3, 1970, prior to the commencement of work under the contract, the plaintiff entered into an agreement designated as a "Joint Venture Agreement", with Ira Houghton and R. G. Richardson. Houghton and Richardson agreed to pay for labor and equipment rentals and expenses necessary to complete the plaintiff's contract with Lawson-Light. In return, the plaintiff agreed to assign to Houghton and Richardson "the proceeds due or to become due under these contracts", and to permit the use of the proceeds "to reimburse * * * Houghton and * * * Richardson for any monies furnished * * * on the contracts and * * * for any amount loaned * * * on amounts otherwise owing * * *." The agreement further provided as follows: "Upon completion of the contracts the proceeds therefrom, after all necessary expenses have been paid or provided for, shall be paid to Robert Burns, save for a fee of 5% of the gross proceeds from the jobs." The plaintiff thereafter executed an assignment of all proceeds of the contract, and notified Lawson-Light of such assignment.

Following the completion of the contract, the plaintiff instituted this action for enforcement of its mechanic's lien for $20,299.40 plus interest and costs. Upon the motion of Cities Service Company, summary judgment was granted, discharging the lien as not timely filed. The court, however, retained jurisdiction to determine the merits of the underlying contract claim.

After the dismissal of the mechanic's lien, Ira Houghton and R. G. Richardson intervened as parties plaintiff. Lawson-Light then filed a motion for summary

judgment seeking to dismiss Burns as a party plaintiff "on the ground that said plaintiff has no interest in the subject matter of this Civil Action, by virtue of an assignment of all of his interest in the contract which is the subject of this Civil Action, and the proceeds thereof, * * *."

Attached to the motion for summary judgment as an exhibit was an affidavit of Ira L. Houghton. In the affidavit Houghton stated that "on August 12, 1970, Robert B. Burns assigned all money due him from said contract to affiant and directed Lawson-Light, Inc. to pay all sums of money due from said contract to affiant."

The affidavit further stated: "Affiant further saith that he is the sole owner of the proceeds due from said contract * * *."

A second exhibit to the motion was a letter from Burns to Lawson-Light in which Burns informed Lawson of the assignment of "all moneys due our organization on this job" to Ira L. Houghton. In opposition to the motion for summary judgment, Burns filed an affidavit signed by his counsel which stated that statutory tax liens had been filed against Burns by the Internal Revenue Service for $21,216.42, representing the amount Burns owed the Service. No mention of the joint venture agreement was made in the affidavit and that agreement was never made a part of the record.

On October 23, 1970, Robert Burns was dismissed as a party to the civil action. Thereafter, the United States of America was permitted to intervene in the action. This intervention was based upon perfected tax liens in the amount of $23,400.51, plus accrued interest and penalties, which arose because of the failure of the plaintiff to withhold taxes for three quarterly periods.

The single issue to be determined is whether the record presents a genuine issue of material fact, which would preclude summary judgment dismissing the plaintiff as a party having no interest in the case. The plaintiff contends that, as his assignment to Houghton and

Richardson was either for collection or for security purposes, he had an interest in any surplus funds remaining after payment to the assignees. Alternatively, Burns argues that he had an interest in the outcome of the case to the extent that any satisfaction of the Federal tax liens from the proceeds of the contract would result in a pro tanto reduction of his tax liability. The validity of this latter argument, he concedes, depends on his contention that the assignment was for collateral security and was inferior to the tax liens because the assignees failed to record under the provisions of Sections 301 and 302 of Article 9, Chapter 46, Code, 1931, as amended.

Rule 17(a) of the West Virginia Rules of Civil Procedure provides in part: "Every action shall be prosecuted in the name of the real party in interest; * * *." This Rule is largely a continuation of the law existing in this State at the time of its adoption rather than an innovation. Lugar & Silverstein, West Virginia Rules of Civil Procedure 161.

It is true that a minority of American jurisdictions, in determining real party in interest questions, have held that an assignor retains an interest in an assignment for collection or in one for collateral security. See 3A Moore, Federal Practice, Section 17.09[1.-1], pages 276-79. The decisions are unanimous, however, in holding that the unconditional assignee of a chose in action is the only real party in interest. "The federal courts, in construing the real party in interest provisions of various state codes, and all of the state courts, in construing their own provisions, have been in full accord in holding that the unconditional assignee of a complete chose in action is the real party in interest and suit must be brought in his name. * * *" 3A Moore, Federal Practice, Section 17.09[1.-1], pages 272-73. *See also*, 2 Kooman, Federal Civil Practice, Section 17.02, page 357; 6 Wright & Miller, Federal Practice and Procedure, Section 1545, pages 651-655; *Northwest Oil and Refining Co. v. Honolulu Oil Corporation*, 195 F. Supp. 281 (D.C. Mont.); *Texas San Juan Oil Corporation v. An-Son Offshore Drilling Company*, 194 F. Supp. 396 (D.C. N.Y.).

At the time summary judgment was awarded by the trial court, the record disclosed a complete and unconditional assignment of the proceeds of the contract. The joint venture agreement which defined the nature of the assignment, and upon which the plaintiff relies to show his direct interest in any surplus funds, was not a part of the record.

The court, in ruling upon the Rule 56 motion, had only the pleadings, the motion for summary judgment with the Houghton affidavit and the Burns letter, and the affidavit of Burns' counsel in opposition to the motion. The Houghton affidavit and the letter from Burns to Lawson-Light revealed the unconditional assignment of all contract proceeds to Houghton. The letter, signed by the plaintiff, stated in part: "We have assigned all moneys due our organization on this job to Ira L. Houghton, 420 Second St., Marietta, Ohio, and this letter constitutes specific authority to your organization to pay said Ira L. Houghton any and all payments on the above stated contract." At the bottom of the letter was a notation signed by Lawson-Light: "Receipt is hereby acknowledged of this notice of assignment and we agree to pay all moneys due on this contract to the said Ira L. Houghton, 420 Second St., Marietta, Ohio 45750." The affidavit in opposition merely averred that the Internal Revenue Service had filed tax liens against Burns and that the Houghton-Richardson assignment had not been recorded.

A party is entitled to prosecute a civil action as the real party in interest when he establishes an actual and justiciable interest in the subject matter of the litigation. 59 Am. Jur. 2d, *Parties*, § 26, page 374; *Barr v. Clayton*, 29 W. Va. 256. The plaintiff's status in this respect was attacked by the motion for summary judgment. The burden, of course, was upon Lawson-Light, the movant, to show no genuine issue of fact, and any doubt as to the existence of such issue would have been resolved against it. *Wheeling Kitchen Equipment Co., Inc. v. R & R Sewing Center, Inc.*, 154 W. Va. 715, 179 S.E.2d 587; *Aetna Casualty & Surety Company v.*

*Federal Insurance Company of New York,* 148 W. Va. 160, 133 S.E.2d 770. Facts favorable to the party against whom the motion is sought must be resolved in his favor and he is entitled to every reasonable inference which can be drawn from the pertinent facts and circumstances. *Tow v. Miners Memorial Hospital Association,* 199 F. Supp. 926 (D.C. W.Va.), aff'd 305 F.2d 73 (4th Cir.).

Lawson-Light sustained the burden of showing no genuine issue of fact by the affidavit and attached letter revealing a complete assignment of plaintiff Burns' interest. Plaintiff was then required to present some evidence to indicate disputed facts. If he were to rely on the provisions of the joint venture agreement to show an incomplete or partial assignment, he was bound to present that agreement in resistance to the Rule 56 motion. For that matter, the plaintiff's contention that the assignment should be recorded, even if valid, could only have been established factually by the joint venture agreement. If he were to rely on the assignee's failure to record to assure the priority of the tax liens, he should have presented these facts and shown he would have benefited in such a manner as to give him an interest. Even if this contention were correct, and the government was paid instead of the private creditors, presumably he would then owe them the proportional amount paid to the Government. This Court said in *Petros v. Kellas,* 146 W. Va. 619, 630, 122 S.E.2d 177, 183:

> "* * * In that situation the circuit court was justified in determining the motion for summary judgment on the undisputed facts disclosed by the record. By decisions of the Federal Courts relating to Rule 56 of the Federal Rules which is practically identical with Rule 56 of the West Virginia Rules of Civil Procedure, it is well settled that to resist a motion for summary judgment the party against whom it is made must present some evidence to indicate that the facts are in dispute when the evidence of the moving party shows no disputed facts, and that the mere con-

tention that the issue is disputable is not sufficient. *Berry v. Atlantic Coastline Railroad Company*, 4th Circuit, 273 F.2d 572; * * *."

Likewise, this Court held in *Guthrie v. The Northwestern Mutual Life Insurance Company*, W. Va., 208 S.E.2d 60, in the second and third points of the syllabus:

"2. Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute.

"3. Summary judgment cannot be defeated on the basis of factual assertions contained in the brief of the party opposing a motion for such judgment."

The documents filed by Lawson-Light in support of its Rule 56 motion stated categorically that the defendant had unconditionally assigned all his rights to the subject matter of the litigation. The plaintiff presented no evidence to the contrary nor did he show any other interest in the subject matter of the action.

For reasons stated in this opinion, the judgment of the Circuit Court of Marshall County is affirmed.

*Affirmed.*