457 S.E.2d 110

**RAMARO, INC., Plaintiff Below, Appellant,**

v.

**WEST VIRGINIA HEATING, VENTILA-TION & AIR CONDITIONING ASSOCI-ATION, INC., Defendant and Third–Party Plaintiff Below, Appellee,**

v.

**AARON'S PRODUCTS, INC., Third–Party Defendant Below, Appellee.**

No. 22401.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1995.

Decided March 24, 1995.

Stephen L. Gaylock, Michael R. Cline Law Offices, Charleston, for appellant.

R. Clarke VanDervort, Robinson & McElwee, Charleston, for West Virginia Heating, Ventilation & Air Conditioning Ass'n Inc.

Vincent J. King, Charleston, for Aaron's Products, Inc.

PER CURIAM:

Ramaro, Inc. appeals the dismissal of its suit against, defendant, West Virginia Heating, Ventilation & Air Conditioning Association, Inc. (hereinafter WVHVAC) and the dismissal with prejudice of its improperly

served complaint against the third-party defendant, Aaron's Products, Inc. This case involves a lease agreement between Aaron's and the Putnam County Democratic Executive Committee (hereinafter the Committee) that was assigned by Aaron's, the original lessor, to Ramaro, the successor lessor, and, allegedly, was assumed by WVHVAC, the successor lessee, from the Committee, the original lessee. WVHVAC, claiming that it was not a party to the lease, filed a motion to dismiss, answer and counterclaim; WVHVAC also filed a third-party complaint against Aaron's. Ramaro then filed a "counterclaim or cross-claim" against Aaron's. The Circuit Court of Kanawha County dismissed with prejudice Ramaro's complaint and all counter and third-party claims. On appeal, Ramaro alleges that the dismissal was premature and procedurally incorrect. Although we affirm the dismissal of Ramaro's attempt to sue Aaron's because of improper service and filing, we find the dismissal should have been without prejudice. We also reverse the dismissal of Ramaro's complaint against WVHVAC, because the pleadings indicate that a genuine question of fact exists concerning WVHVAC's assumption of the Committee's obligations.

On August 21, 1987, Aaron's leased a copier to the Committee under a thirty-six month lease requiring the Committee to pay $131.25 monthly to Aaron's. On December 1, 1987, Aaron's assigned the lease to Ramaro, but Aaron's was "to service said equipment for its then prevailing fee at the request of Assignee or Lessee."

The Committee and the WVHVAC had the same executive director, Leff Moore, and at some point WVHVAC began using the copier and, according to Ramaro, WVHVAC assumed the Committee's obligations. In its Motion to Dismiss, Answer and Counterclaim, WVHVAC acknowledged that it had: (1) "need for and requested a copying machine which copied both sides of a page in entering the Equipment Lease Agreement," (2) "complained from the start that the copying machine was defective," (3) "paid approx-

imately $1,482.29 for the copying machine's rental," and (4) "was required to use outside printing services." By letter dated June 1, 1990, Mr. Moore on WVHVAC letterhead, wrote to Aaron's that "[y]ou and the leasing company are hereby notified that we wish you to pick up this equipment immediately." Mr. Moore's June 1, 1990 letter began by stating, "[w]hen we leased the above captioned copier...."

On March 4, 1992, Ramaro sued WVHVAC for $8,181.37.[1] In response, WVHVAC filed: a motion to dismiss, answer and counterclaim and a third-party complaint against Aaron's alleging that the copier was defective, which "considerably inconvenienced" WVHVAC. WVHVAC did not seek a hearing on its motion to dismiss. Ramaro then filed a "counterclaim or cross-claim against the third-party defendant," Aaron's. Aaron's filed a motion to dismiss WVHVAC's complaint for failure to state a claim and a motion to dismiss Ramaro's "counterclaim or cross-claim" alleging improper service and filing. In its brief, Ramaro concedes that "its claim against Aaron's was not filed and served" properly and "only appeals that such dismissal was with prejudice."

In a cross-assignment of error, WVHVAC appeals the dismissal of its counterclaim and third party complaint against Aaron's. WVHVAC maintains the "nothing prevented WVHVAC from taking an assignment of the Committee's claims against Ramaro and Aaron's Products when WVHVAC was sued instead of the Committee."

Nothing was filed with the circuit court after June 15, 1992 until October 18, 1993 when Ramaro scheduled a status conference for December 16, 1993. On October 25, 1993, Aaron's served a notice that its dismissal motion would be heard at the December 16, 1993 status conference. WVHVAC did not serve any notice concerning its dismissal request.

At the status conference, the circuit court, according to Ramaro's brief, noted that no discovery or other filings had occurred for at least a year and that WVHVAC was not a

---

**1.** Ramaro's statement for WVHVAC noted three monthly payments and payment of $1,068.54 on August 14, 1989. The $8,181.37 sought appar-

ently includes the remaining payments and late charges.

party to the lease.[2] After the circuit court entered an order dismissing all claims, with prejudice, Ramaro appealed to this Court. We note that the circuit court made neither findings of fact nor conclusions of law, and, therefore, we have no way of discerning the rationale behind the circuit court's decision.

## I

■ Ramaro maintains that the circuit court erred in dismissing its claim for failure to prosecute. Rule 41(b), *WVRCP* [1992], states:

> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, ... may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued.

In *Gray v. Johnson*, 165 W.Va. 156, 163, 267 S.E.2d 615, 619 (1980), we said:

> Involuntary dismissal for failure to prosecute should only occur when there is lack of diligence by a plaintiff and demonstrable prejudice to defendant. [Citations omitted.]

In this case, the record does not show a lack of diligence by Ramaro. The status conference was requested by Ramaro and Ramaro notes the following settlement attempts: (1) Aaron's letter of June 26, 1992 to Ramaro requesting a settlement demand; (2) Ramaro's letter of May 4, 1993 to Aaron's and WVHVAC stating its settlement demands; and (3) Ramaro's letter of July 8, 1993 repeating its settlement demands. Ramaro alleges that Aaron's and WVHVAC failed to respond to its settlement attempts.

Because the record does not show a lack of diligence and there is no showing of prejudice to WVHVAC and Aaron's, we find that the Ramaro's complaint should not have been dismissed under Rule 41(b) [1992].

## II

■ Ramaro maintains that its complaint should not have been dismissed because WVHVAC was the real party in interest having assumed the Committee's obligations under the lease. In Syl. pt. 2, *Burns v. Cities Service Co.*, 158 W.Va. 1059, 217 S.E.2d 56 (1975), we stated:

> A party is entitled to prosecute a civil action as the real party in interest when he establishes an actual and justiciable interest in the subject matter of the litigation.

In Syl. pt. 6, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), we noted:

> A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment.

*See, Painter v. Peavy*, 192 W.Va. 189, 192–93, 451 S.E.2d 755, 758–59 (1994).

■ In this case, Ramaro maintains that WVHVAC assumed the obligations of the Committee. Although WVHVAC was not a party to the lease, we note that its pleadings indicate an assumption of the Committee's obligations under the lease. In its June 1, 1990 letter, WVHVAC began by stating "we leased the ... copier." WVHVAC's actions are sufficient to raise a factual question concerning whether it assumed the Committee's obligations.

In Syl. pt. 2, *Aetna Casualty, supra* we stated:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*In accord*, Syl. pt. 2, *Painter v. Peavy, supra*; Syl. pt. 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

Because the record shows at least a genuine issue of fact concerning WVHVAC's assumption of the Committee's obligation under the lease, summary judgment should not have been granted on Ramaro's complaint against WVHVAC. Similarly, the dismissal of WVHVAC's counterclaim and third party complaint are premature. However, the circuit court properly dismissed Ramaro's "counter or crossclaim" against Aaron's, but this claim should not have been dismissed

---

**2.** The record does not contain a transcript of the status conference.

with prejudice since the ground for dismissal was improper service.

For the above stated reasons, we affirm that part of the decision of the Circuit Court of Kanawha County dismissing Ramaro's "counter or crossclaim" against Aaron's, but find the dismissal should be without prejudice; we reverse that part of the decision dismissing Ramaro's complaint against WVHVAC, and WVHVAC's counterclaim and third-party complaint and remand the case for proceedings consistent with this opinion.

Affirmed, in part; reversed, in part; and remanded.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.