**BOWLES v. DIXIE CAB ASS'N et al.**

Civ. No. 1761–50.

United States District Court
District of Columbia.

June 22, 1953.

Walter H. E. Jaeger, Washington, D. C., for plaintiff.

Paul J. Sedgwick, Washington, D. C., for defendants.

MORRIS, District Judge.

In action for personal injuries caused by an automobile collision, the case is before the Court on motion of defendant Theodore F. Allen for summary judgment, asserting it is barred by the statute of limitations.

The injuries complained of occurred on December 8, 1948. The original complaint, brought only against defendant Dixie Cab Association, was filed April 20, 1950. The amended complaint, asserting a cause of action against defendants Allen and Hornik, was filed January 12, 1953. Process was issued pursuant to the amended complaint on February 13, 1953, the return of which was filed March 10, 1953, "not to be found in this District." Process, dated March 11, 1953, was served on the defendant on March 12, 1953, by leaving a copy at his residence, pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

As the alleged injuries occurred on December 8, 1948, the statutory period of limitation of three years, excluding the day on which the action accrued, would normally expire December 9, 1951. By his affidavit, filed May 6, 1953, which is not controverted, the defendant stated that, being a member of the Organized Naval Reserves he was called to active duty July 28, 1950, and continued on such active duty until October 30, 1951, a total period of fifteen months and two days.

Three questions are presented on the present motion: (1) Whether the statute of limitations was tolled in favor of the plaintiff by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S. C.A.Appendix, § 501 et seq., because of the military service of defendant Allen; (2)

whether defendant's service (called to active duty from the Organized Naval Reserves) was "military service" within the meaning of the statute; and (3) whether the suit is barred by the statute of limitations after deducting the time defendant spent in the military service.

■ 1. The defendant insists that the benefits of the Soldiers' and Sailors' Civil Relief Act do not inure to the plaintiff, relying upon Section 510, which provides:

"In order to provide for, strengthen, and expedite the national defense * * *, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons *in* the military service of the United States * * *, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons *in such service* during the period * * *." [Emphasis supplied.]

Section 525 of the Act provides:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government *by or against any person in military service* or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, * * *." [Emphasis supplied.]

In view of the express language of the latter section of the statute dealing with the limitation of actions, the time spent in the military service by the defendant must be taken into consideration in computing the time for the running of the statute of limitations.

■ 2. Section 511 of the Act provides that—

"The term 'persons in military service' * * *, as used in this Act * * * shall include * * *: All members of the * * *, the United States Navy, * * * detailed by proper authority for duty either with the Army or the Navy. The term 'military service', as used in this Act * * *, shall signify Federal service on active duty with any branch of service heretofore referred to * * *."

Again, by the express language of the statute, the service of the defendant was "military service" within its meaning.

■ 3. In the view that the filing of the amended complaint by which Allen was made a party did not in and of itself constitute a commencing of the action, it is certainly clear that the filing of such amended complaint on January 12, 1953, together with the issuance of process, directed to the said defendant, on February 13, 1953, did constitute such commencement of action, even though the return on such process was that the defendant was not to be found in the District of Columbia. Maier v. Independent Taxi Owner's Ass'n, 68 U.S.App.D.C. 307, 96 F.2d 579, 582. In that case, our Court of Appeals, speaking through Chief Justice Groner, stated the law of this jurisdiction as follows:

"Having regard to the local custom, we think the proper rule to be applied in the District of Columbia is that when a bill or declaration is filed and subpoena issued and delivered to the marshal for service before the statute has run, the statute is tolled."

In the view that the statute of limitations was tolled during the period the defendant Allen was in active military service, the time within which the action could be commenced against said defendant was extended to the date of March 11, 1953, on which date further process was issued and placed in the hands of the marshal, which process was served on defendant Allen on March 12, 1953. Under no view can I reach the conclusion that the instant suit was commenced against this defendant aft-

er the expiration of the time within which it could properly be commenced. Accordingly, the motion of the defendant for summary judgment will be denied.

Counsel will prepare an appropriate order carrying this decision into effect.