King Eugene **RICHARDSON**, Plaintiff,

v.

**UNITED WHITE SHIPPING COMPANY,**
Ltd., a corporation, and General Steamship Corporation, sued herein as Black and White Co., Defendants.

No. 41053.

United States District Court
N. D. California, S. D.

May 3, 1965.

Roger A. Bramy, San Francisco, Cal., for plaintiff.

McCutchen, Doyle, Brown, Trautman & Enersen, by Norman B. Richards and Michael Klynn, San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

This is an action for damages arising out of an accident alleged to have occurred on October 15, 1961 aboard the SS White Cross, owned by the named defendant, United White Shipping Company.

The suit was filed on October 12, 1962, just a few days before expiration of the one year statute of limitations.

A summons was issued on the filing date but returned unserved on January 21, 1963 for the Marshal's stated reason "failure of attorney for the plaintiff to direct service."

No further action having been taken for more than two years after commencement of the action, the case was noticed under local Rule 11 to show cause on December 4, 1964, why it should not be dismissed for lack of prosecution. Plaintiff filed a certificate, December 3, 1964, to the effect that "recent information indicates a new defendant involved, to wit, General Steamship Company who may be agents responsible for the ship, and plaintiff will apply for issuance of alias summons and delineate a Doe and have Marshal serve summons and complaint to force appearance of defendants, and bring the matter to issue."

The case was continued on the dismissal calendar to March 12, 1965.

Meanwhile, an alias summons directed to United White Shipping Company and also General Steamship Company, sued as Black and White Company, was issued on December 4, 1964, but returned unserved on December 7, 1964, for the

Marshal's stated reason, "no copies received for service nor instructions received from plaintiff's attorney."

Thereafter, however, on February 17, 1965, another alias summons was served by the Marshal "on General Steamship Corporation and United White Shipping Company by serving a copy on John Higgins, Secretary for General Steamship Corp., who are designated as agents for United White Shipping Co."

Upon call of the case on the March 12, 1965 dismissal calendar, counsel for the defendants appeared and filed their certificate asking that the action be dismissed for lack of prosecution. The motion was granted on March 12, 1965, but thereafter the court on April 8, 1965, heard and submitted plaintiff's motion to vacate the dismissal of March 12, 1965.

It appears from the certificates on file and the arguments of counsel that no service of summons was made for a period of two years and four months from the date of filing suit and for over three years and four months from the date of the accident upon which the action is based.

The certificate filed by defendants states that the alleged accident was never reported to any officer of the ship, that no entry of it appears in the log and that no knowledge of it was received by the vessel or its officers, who may have been present at the scene of the accident is no longer under those who owned the ship at the time of the accident; that the ship was sold and delivered to new owners on September 16, 1964, and that defendants had no chance to conduct their own investigation of the alleged accident and will suffer substantial prejudice if plaintiff is permitted to proceed against them.

Under these circumstances prejudice to the defendants is obvious. The essential question, however, is whether there has been a failure to prosecute the action with reasonable diligence.

Plaintiff admits that it sued United White Shipping Company, the owner of the vessel, knew its business address, 55 St. Mary Ave., London, E.C. 3, and that he was informed it was highly improbable that the ship would ever come to San Francisco and that he was also informed that no agent for owner was known.

Although defendants show that the ship did actually visit San Francisco at least seven times between the date of the accident and June, 1964, we will assume plaintiff's version of the matter.

It was at all times possible under the procedural law for plaintiff to serve the known owner, United White Shipping Company, in any of three ways: (1) by serving the Master of the White Cross on any visit of the ship to San Francisco, or (2) by serving the owner through the California Secretary of State under the provisions of Rule 4(d) (7) Fed.R.Civ. Proc., and Calif.Code Civ.Proc. § 411(2), or (3) by serving any resident agent of the owner.

None of these means of service were ever used and the Court is of the opinion that none of these was attempted with any reasonable diligence. Further, no communication at all appears to have been made by plaintiff with the owner at its known address either to inform it of the pending claim against it or to obtain information concerning the schedule of the ship or concerning the owner's resident agent, if any. In any event, service on the owner through the Secretary of State was at all times open to plaintiff.

■ The Court finds not only failure to prosecute this action with reasonable diligence, but also resulting prejudice to an owner who obviously cannot properly defend itself against a claim of which it has had no knowledge until almost three and a half years after the occurrence out of which the claim arises.

■ Failure to use reasonable diligence in serving a summons is more

fraught with possibilities of unfairness and abuse than failure to diligently prosecute an action after summons is served. For, in the latter case, a defendant has at least a timely opportunity to investigate the claim and prepare its defense.

For the foregoing reasons, the motion to vacate dismissal is denied.