Theodore D. Ostrow, J.
The defendant Riley moves for summary judgment pursuant to CPLR 3212 dismissing the complaint herein upon the ground that the Statute of Limitations pleaded as affirmative defenses with respect to each of the causes of action .set forth in the complaint constitutes a complete bar to said causes of action. The plaintiff cross-moves pursuant to CPLR 3211 (subd. [b]) to dismiss the affirmative defenses of the Statute of Limitations on the ground that they lack merit.
The facts reveal that the decedent Susan M. Ellis was struck by a motor vehicle owned by the defendant Riley and operated with his consent by one Anthony Sanseverino on January 4, 1960. The decedent sustained personal injuries which resulted in her death on January 6, 1960. Thereafter, the plaintiff George Ellis individually and as administrator of the estate of the deceased commenced an action against the defendant Riley (.Sanseverino could not be served) by service upon the Secretary of State on January 9, 1963 of a summons and complaint pursuant to sections 253 and 254 of the Vehicle and Traffic Law and by the mailing of a copy of said summons and complaint to the defendant Riley at 11482 Pearl Road, Strongsville, Ohio, by registered mail. The papers were received by one Ralph Tammariello as agent on January 14, 1963 and forwarded to the defendant in California with resulting appearance and answer in the action.
The complaint alleges three causes of action. The first is for personal injuries, the second, wrongful death and the third, for loss of services and medical expenses sustained. The defendant in his answer alleges affirmative defenses of a three-year Statute of Limitations with respect to the first and third causes of action (Civ. Prac. Act, § 49, subd. 6) and a two-year Statute of Limitations as to the second cause of action (Decedent Estate Law, §130).
The papers further disclose that the information supplied by Sanseverino, the authorized operator of the velicle, in the police blotter indicates 73-07 — 153rd Road, Flushing, New York as the defendant-owner Riley’s (spelled Reiley) address. The MV104 report furnished by Sanseverino sets forth the owner as Riley with address listed as 159-44 — 99th Street, Howard Beach, New York. At the examination before trial the defendant testified that he never resided at or received mail at the aforesaid addresses and never spelled his name “ Reiley.” He further testified that he lived at 11482 Pearl Road, Strongsville, Ohio, at the time" of the accident on January 4, 1960. He left no forwarding address with the post office when he moved in February, I960 but left a forwarding address with a family he lived with *617 named Tammariello and received the summons when it was forwarded to him by Tammariello in January, 1963. In all, the defendant stated, he resided at various addresses in four different States since the accident occurred.
It is manifest that more than three years have elapsed since the date of the accident and more than two years have elapsed since the death of the decedent. Consequently, the cause of action for personal injuries and the derivative action for loss of services and medical expenses and the action for wrongful death are barred unless the statutes are tolled. It appears that between the date of the accident and the date of the service of process the defendant was absent from the State on various occasions in excess of four months. As the events and dates involved occurred prior to the enactment of the CPLR, the court will predicate its determination on the then existing and applicable section of the Civil Practice Act. Under section 19 of the Civil Practice Act such absences would not be considered as part of the two- or three-year period were it not for subdivision 1 of section 19 and sections 253 and 254 of the Vehicle and Traffic Law. It is provided in section 19 insofar as pertinent:
“ But this section does not apply in either of the following cases:
“ 1. While a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person, corporation, or private or public officer on whom a summons may be served within the state for another resident or non-resident person or corporation with the same legal force and validity as if served personally on such person or corporation within the state, remains in force.”
By sections 253 and 254 of the Vehicle and Traffic Law service of process may be made on the Secretary of State in accident cases involving a nonresident operator or owner of a motor vehicle or one who is a resident but is absent from the State for more than 30 days.
Defendant, in substance, contends that inasmuch as plaintiff did not attempt to serve him pursuant to section 253 of the Vehicle and Traffic Law, defendant was amenable to process within the meaning of the language of the statutory exception (Civ. Prac. Act, § 19, subd. 1) which renders the suspensory provisions of section 19 of the -Civil Practice Act inapplicable.
Although strict compliance with sections 253 and 254 is required in order that jurisdiction be acquired over a defendant (see Weitzman v. Pottak, 31 Misc 2d 52; Bernardt v. Scianimanico, 21 Misc 2d 182), there is no such requirement with respect to the exceptions stated in section 19 of the Civil Practice *618 Act (Molter v. Carieri, 89 Misc 2d 587). The applicable test thereunder is whether the defendant was amenable to process under section 253 of the Vehicle and Traffic Law (see Harvey v. Fussell, 13 Misc 2d 602, affd. 7 AD 2d 742).
In the instant case the defendant’s authorized operator Sanseverino submitted an incorrect address as to the defendant Riley in both the police blotter and MV104 report. Plaintiff’s efforts to ascertain the defendant’s address since March, 1960, immediately after the accident demonstrates that it was not possible to serve defendant pursuant to section 253 of the Vehicle and Traffic Law until January 9,1963 when plaintiff finally obtained defendant’s address in Ohio from his sister. Thus, up to that time, under the circumstances herein, defendant’s involuntary designation of the Secretary of State, pursuant to section 253 of the Vehicle and Traffic Law, did not constitute a designation within the meaning and intent of subdivision 1 of section 19 of the Civil Practice Act.
The purpose of the exception which permits the running of the Statute of Limitations during the absence of a nonresident is to protect him provided he has been amenable to process. Defendant not having been so amenable is not entitled to the benefit of the exception (Harvey v. Fussell, supra). Moreover, where an incorrect address is given at the time of the accident thereby making plaintiff’s compliance with section 253 of the Vehicle and Traffic Law impossible, the defendant is estopped from asserting plaintiff’s noncompliance with said section (Greenwood v. White, 25 A D 2d 73). Accordingly, the applicable three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) and the applicable two-year Statute of Limitations (Decedent Estate Law, § 130) were tolled by said defendant’s absences from the State (Civ. Prac. Act, § 19).
The defendant’s motion is therefore denied and the plaintiff’s cross motion is granted.