■ GEORGE ELLIS, Individually, and as Administrator of the Estate of SUSAN M. ELLIS, Deceased, Respondent, v. ANDREW J. RILEY, Appellant, et al., Defendant.— In an action to recover damages for wrongful death, pain, medical expenses, etc., defendant Riley appeals from an order of the Supreme Court, Kings County, dated May 8, 1967, which denied his motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to dismiss said defendant's affirmative defenses of the Statute of Limitations. Order affirmed, with $30 costs and disbursements. It is alleged in the complaint that plaintiff's intestate was struck by a motor vehicle owned by defendant Riley and operated by defendant Sanseverino (who has not been served with process). Sanseverino gave the police and set forth in his accident report an incorrect address as that of Riley. Riley was a nonresident of this State at the time of the accident and, therefore, was not amenable to process. The

Statutes of Limitations were tolled during the period that he resided without the State and plaintiff had no information as to an address where Riley could be served pursuant to sections 253 and 254 of the Vehicle and Traffic Law (*Harvey* v. *Fussell,* 13 Misc 2d 602, affd. 7 A D 2d 742; cf. *Dobkin* v. *Chapman,* 25 A D 2d 745, 746). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur. [53 Misc 2d 615.]