MAGGIE GRAY

*v.*

EUGENE JOHNSON

(No. 14107)

Decided June 24 1980.

*Lewis, Ciccarello, Masinter & Friedberg, John A. Rollins and Allan H. Masinter,* for appellant.

*Goodwin & Goodwin and Richard E. Rowe,* for appellee.

HARSHBARGER, JUSTICE:

On August 31, 1971, Maggie Gray, a pedestrian, was struck by Eugene Johnson's automobile and sustained personal injuries. At that time both parties were residents of West Virginia. In August, 1972, apparently unbeknownst to plaintiff Gray, Johnson moved out of state. Plaintiff filed a complaint on June 15, 1973, and a summons was issued that day. On June 25, 1973, the sheriff returned the process noting that defendant was not found and had moved.

A little more than a year later, on August 2, 1974, another summons was issued by the clerk pursuant to our nonresident motorist statute, W. Va. Code, 56-3-31. Service was accomplished, as allowed by the statute, when a copy of the process and complaint were mailed to defendant at his New Haven, Connecticut address on August 6.

This is an appeal from the trial court's grant of defendant's motion to dismiss because the suit was barred by the statute of limitations.

Every action for personal injuries shall be brought within two years after the right accrues, as provided in Code, 55-2-12:

> § 55-2-12. Personal actions not otherwise provided for.
>
> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) Within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the

same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

West Virginia Rules of Civil Procedure, Rule 3, defines when an action is commenced. The language in effect when this cause arose was "[a] civil action is commenced by filing a complaint with the court and the issuance of a summons or the entry of an order of publication."[1]. We have held that this means that issuance of a summons, and not its service, commences the action and tolls the statute of limitations. *Steeley v. Funkhouser*, 153 W. Va. 423, 169 S.E.2d 701 (1969); *United States Blowpipe Co. v. Spencer*, 46 W. Va. 590, 33 S.E. 342 (1899). *See Howard v. United Fuel Gas Co.*, 248 F. Supp. 527 (S.D. W. Va. 1965); Lugar & Silverstein, *W. Va. Rules*, p. 33.

Other state and federal courts have interpreted rules that filing a complaint or filing a complaint plus issuance of summons commences an action, and have held that those acts, independent of whether service was achieved within the statutory limitations period, were sufficient to toll the statute. *See Silverton v. Marler*, Alaska, 389 P.2d 3 (1964); *Witort v. United States Rubber Co.*, 3 Conn. Cir. Ct. 690, 223 A.2d 323 (1966); *Bowles v. Dixie Cab Assoc.*, 113 F. Supp. 324 (D.C.D.C. 1953); *Elam v. Neville*, 129 F. Supp. 437 (D. C. Ind. 1955) (applying Indiana law); *O'Shea v. Binswanger*, 42 F.R.D. 21 (D.C. Md. 1967) (applying Maryland law); *Goniwicha v. Harkai*, 393 Mich. 255, 224 N.W.2d 284 (1974); *Clare v. Fliegel*, 74 N. J. Super. 31, 180 A.2d 404 (1962); *Robinson v. Commercial Motor Freight, Inc.*, 174 Ohio St. 498, 190 N.E.2d 441 (1963); *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970); *Sousa v. Casey*, 111 R.I. 623, 306 A.2d 186 (1973); 27 A.L.R.2d 236, 245, §4 (1953 & Supp.).

Some jurisdictions with similarly worded rules have required that plaintiff have a bona fide intention to serve defendant and prosecute the claim. Absent evi-

---

[1] Rule 3, R.C.P., was amended in 1978 to read: "A civil action is commenced by filing a complaint with the court."

dence of that intention, a properly commenced action will not serve to toll the statute. Among the cases requiring that plaintiff intend to serve defendant are: *Viars v. Surbaugh,* Del. Super., 335 A.2d 285 (1975); *Tanner v. Presidents-First Lady Spa, Inc.,* 345 F. Supp. 950 (D.C. Mo. 1977) (applying Missouri law); *Adams v. Carter County Memorial Hospital,* Tenn., 548 S.W.2d 307 (1977); *Strickland v. Denver City,* Tex., 559 S.W.2d 116 (1977). We decline to adopt this interpretation.

The purposes of statutes of limitations are to prevent stale claims and permit defendants fair opportunity to defend. 51 Am. Jur. 2d, *Limitations of Actions,* §§ 17-19. These goals are not offended if defendants frustrate process by their own acts.

Our Legislature has enacted two statutes that aid jurisdiction over nonresident defendants. Code, 55-2-17, saves a plaintiff's action from the statute of limitations' bar when a defendant has left the jurisdiction:

> § 55-2-17. When suit prevented by defendant; actions on foreign contracts.
>
> Where any such right as is mentioned in this article shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, or if such right has been or shall be hereafter obstructed by war, insurrection or rebellion, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted....

The second statute permits exercise of jurisdiction over a nonresident defendant who has been involved in a motor vehicle accident in West Virginia. Code, 56-3-31, provides in pertinent part:

> § 56-3-31. Actions by or against nonresident operators of motor vehicles involved in highway accidents or their administrators, etc.

The operation by a nonresident, or by his duly authorized agent, of a motor vehicle upon a public street, road or highway of this state, shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his successor in office, to be his true and lawful attorney, or the true and lawful attorney of his administrator, administratrix, executor or executrix in the event said nonresident is a natural person and dies, upon whom may be served all lawful process in any action or proceeding against him or if a natural person against his administrator, administratrix, executor or executrix, in any court of record in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, growing out of any accident or collision in which such nonresident may be involved while so operating or so permitting to be operated a motor vehicle on any such street, road or highway, and such operation shall be a signification of his agreement that any such process against him, or if a natural person against his administrator, administratrix, executor or executrix, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though said nonresident or if a natural person his administrator, administratrix, executor or executrix were personally served with a summons and complaint within this state.

. . .

(c) The following words and phrases, when used in this article, shall, for the purpose of this article and unless a different intent on the part of the Legislature be apparent from the context, have the following meanings.

. . .

(3) "Nonresident" means any person who is not a resident of this state or resident who has moved from the state subsequent to said accident or collision, and among others includes a nonresident firm, partnership, corporation or voluntary association, or a firm, partnership, corpo-

ration or voluntary association that has moved from the state subsequent to said accident or collision.

. . .

(d) The provision for service of process herein is cumulative and nothing herein contained shall be construed as a bar to the plaintiff in any action from having process in such action served in any other mode and manner provided by law.

We agree with those states that hold that when a defendant is amenable to service by terms of a nonresident motorist statute, his absence from the jurisdiction does not toll the statute of limitations per Code, 55-2-17. *Bergman v. Turpin*, 206 Va. 539, 145 S.E.2d 135 (1965); *Arrowood v. McMinn*, 173 Tenn. 562, 121 S.W.2d 566 (1938); *Maryland Casualty Co. v. Draney*, 3 Misc.2d 637, 155 N.Y.S.2d 845 (Sup. Ct. 1956); and cases cited in 55 A.L.R.3d 1158, *supra. See* an extensive analysis compiled in 55 A.L.R.3d 1158, 1170, §4 (1974 and Supp. 1979). *See also,* 17 A.L.R.2d 502, 516, §9 (1951 and later case service). For this purpose a nonresident motorist is present within the state, because Code, 56-3-31, states that service on the secretary of state (formerly the auditor) "shall be of the same legal force and validity as though said nonresident . . . were personally served with a summons and complaint within the state." However, a plaintiff must have an address for a nonresident motorist defendant; otherwise, defendant is not available for service. *Ellis v. Riley*, 53 Misc.2d 615, 279 N.Y.S.2d 382 (1967), *affirmed,* 29 A.D.2d 562, 286 N.Y.S.2d 451. Even though Code, 56-3-31, nowhere states that plaintiff must furnish the statutory agent with defendant's address, the agent, our secretary of state, refuses to accept process when the defendant's address is unknown because he cannot then fulfill his duty to mail copies of the summons and complaint to the defendant.

Consequently, if plaintiff is unable to determine whether defendant is a nonresident or what defendant's nonresident address is, Code, 56-3-31, may not be used. A defendant has then "obstructed" prosecution of plain-

tiff's cause, and plaintiff can exclude the time that defendant could not be served from the limitations period. Code, 55-2-17.

Gray's attempted service on Johnson was returned "not found". There was no forwarding address in-state or out-of-state. Plaintiff appears to have had no way of determining whether Code, 56-3-31, was applicable, because Johnson's residency was unknown. It was "concealed".

A remaining question is whether Ms. Gray acted with sufficient diligence to avoid dismissal per Rule 41 (b), R.C.P., for failure to prosecute. The United States Supreme Court has held that courts have inherent common law power, in addition to any statutory authority, [2] to dismiss an action for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This remedy for delay between commencement of an action and service upon defendant, rather than a statute of limitations approach, has been recommended by Wright and Miller in their analysis of comparable federal rules:

> Inasmuch as Rule 3 provides that an action is commenced by the filing of the complaint with the clerk rather than by service, if a long period of time is allowed to transpire between filing and the issuance and service of the summons, important time periods that are measured from the commencement of the action might be affected. For example, the statute of limitations might be tolled without notice being given to the defendant that the action has been commenced.

> The courts have sought to avoid the inequitable result by reading Rule 3 and Rule 4 (a) together and holding that under certain circumstances a delay in issuing the summons following commencement may prevent the tolling of the statute of limitations. A long delay in issuance

---

[2] Code, 56-8-9, permits the court to dismiss an action *sua sponte* if no proceedings have occurred for two years.

that is attributable to plaintiff also can lead to a dismissal for failure to prosecute under Rule 41 (b). (Footnotes omitted.) Wright and Miller, *Federal Practice and Procedure:* Civil, §1086, p. 341 (1969).

The penalty provided by Rule 41 (b) for failure to prosecute was also suggested by the Advisory Committee on the Rules, and has been applied by numerous courts. Advisory Committee, Federal Rules of Civil Procedure, Note 21 and cases cited in Notes 64-67; *Moore Company of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co.*, 347 F.2d 921 (8th Cir. 1965), *cert. denied*, 383 U.S. 925, 86 S.Ct. 927, 15 L.Ed.2d 845; *Dewey v. Farchone*, 460 F.2d 1338 (7th Cir. 1972); *Messenger v. United States*, 231 F.2d 328 (2d Cir. 1956); *Richardson v. United White Shipping Co.*, 38 F.R.D. 494 (D.C.Cal. 1965).

Involuntary dismissal for failure to prosecute should only occur when there is lack of diligence by a plaintiff and demonstrable prejudice to defendant. *Howmet Corporation v. Tokyo Shipping Co.*, 318 F. Supp. 658 (D.Del. 1970); *Huffmaster v. United States*, 186 F. Supp. 120 (N.D.Cal. 1960). *But see Saylor v. Lindsley*, 71 F.R.D. 380 (S.D.N.Y. 1976). Whether plaintiff was duly diligent must be determined on an *ad hoc* basis, after careful examination of factors contributing to delay. If plaintiff did nothing to locate defendant, and could have, she should be barred from her prosecution.

Periods of time during which plaintiff acted reasonably diligently trying to locate defendant do not count against her; periods during which she knew or should have known defendant's address and did not attempt service, do.

There is no evidence about efforts made by Gray to secure Johnson's address, and how or when it was eventually obtained. We therefore remand this suit for a fact-finding hearing about the causes for delay, and a trial court decision about whether plaintiff was dilatory.

*Reversed and remanded.*