384 S.E.2d 852

**CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, United Airlines, Inc., UAL, Inc., and American Airlines, Inc.**

v.

**Hon. Herman G. CANADY, Jr., Judge of the Circuit Court of Kanawha County, Martha Jane Williams and Curtis B. Williams.**

No. 18906.

Supreme Court of Appeals of West Virginia.

July 14, 1989.

Christopher P. Bastien, Charleston, for Airport Authority.

Charles E. Hurt, Hurt & Carrico, Charleston, for Williams.

PER CURIAM:

Petitioners, Central West Virginia Regional Airport Authority, United Airlines, Inc., UAL, Inc., and American Airlines, Inc., seek a writ of prohibition ordering Herman G. Canady, Judge of the Circuit Court of Kanawha County, "to take no further action" in a civil action that the respondent reinstated pursuant to *W.Va.*

*R.Civ.P.* 41(b).[1] Since there was evidence in the record to support the trial judge's discretionary decision to reinstate the case, we deny the petition for a writ of prohibition, filed with this Court over one year after the order reinstating the case was entered.

In 1978, Martha Jane Williams cut her fingers in an airport under renovation in Kanawha County, West Virginia. The airport is operated by the petitioner, the Central West Virginia Regional Airport Authority (hereinafter "airport authority.") In 1980, eight days before the statute of limitations would have barred her personal injury action, counsel filed a complaint on behalf of Mrs. Williams and her husband, Curtis B. Williams, suing the airport authority; American Airlines, and United Airlines (occupants of the makeshift luggage area where Mrs. Williams injured her fingers).

Shortly thereafter, counsel attempted to serve all three parties through the Secretary of State's office.[2] The Secretary of State refused to accept process because at the time, he believed the airport authority was not required to register with his office. Although American Airlines and United Airlines, as foreign corporations doing business in the State, are registered with the Secretary of State, the secretary did not accept process for them because counsel did not provide the Secretary of State with their addresses. *See* note 2, *supra.*

Counsel could not locate the addresses. Instead, in 1983, he again attempted to serve the two foreign corporations through the Secretary of State's office. Again, the Secretary of State refused to accept process because counsel did not provide the corporate addresses. Counsel also attempted to serve the airport authority through the Kanawha County Sheriff. Counsel did not provide an address for the airport authority. The papers were returned to counsel and stamped "not in my bailiwick."

In 1985 the Williams hired another lawyer. He served the airport authority and the two foreign corporations in a matter of weeks. The airlines' addresses were obtained from a Standard and Poore's *Register of Corporations, Directors and Executives.*

In 1987 the circuit court granted the petitioners' involuntary dismissal motion pursuant to *W.Va.R.Civ.P.* 41(b). In support of their motions to dismiss, each of the petitioners averred that the eight-year delay caused undue hardship in preparing a defense. Each defendant averred that it lacked knowledge of the suit prior to accepting service and that all employment and maintenance records from 1978 were destroyed in the usual course of business.

Counsel amended the complaint by adding UAL and filed a motion to reconsider under Rule 41(b). (Apparently, UAL was managing the flight area which included Kanawha County for United Airlines and American Airlines). In support of the motion to reconsider, current counsel submitted correspondence between former counsel and the petitioners in 1979 and 1980. The correspondence consisted of "demand letters" for settlement. Contrary to petitioners' previous affidavits in support of the motions to dismiss, the correspondence contained the facts and rough

1. *W.Va.R.Cir.P.* 41(b) reads, in pertinent part:
    (b) Involuntary dismissal; effect thereof.— For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him....
    ... The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit;

2. *W.Va.Code,* 31–1–15 [1988] and *W.Va.R.Civ.P.* 4(d)(7) provide the procedure for obtaining service of process on foreign corporations doing business in the State. Service may be made on the Secretary of State, as the agent for the foreign corporation. As we have previously noted, *Code,* 31-1-15, which permits service upon the secretary as the agent for an out-of-state party, does not require a party to provide the secretary with the out-of-state party's address, however, "our secretary of state refuses to accept process when the defendant's address is unknown because he *cannot fulfill his duty to* mail copies of the summons and complaint to the defendant." *Gray v. Johnson,* 165 W.Va. 156, 161, 267 S.E.2d 615, 619 (1980).

date of Mrs. Williams' injury.[3] Further, former counsel testified that he was unaware of the Standard and Poore's directory; however, in 1983, he instructed an associate in his firm to locate the addresses. The associate was also unsuccessful.

By order entered October 9, 1987, the trial judge granted the motion for reconsideration and reinstated the case. The trial judge found that, contrary to their affidavits, the petitioners had actual notice of the suit based upon the 1979 and 1980 demand letters. Further, the trial judge found the original attorney exercised due diligence, under the circumstances.

On December 28, 1988, *over one year after the reinstatement order was entered,* this petition for a writ of prohibition was filed. In their petition, petitioners allege that prohibition is proper because the trial judge "abused his discretion" when he reinstated the case.

■ In syllabus point 1 of *Royal Furniture v. City of Morgantown,* 164 W.Va. 400, 263 S.E.2d 878 (1980), we acknowledged that an order reinstating a case pursuant to Rule 41(b) is an appealable order, which will not be disturbed on appeal unless the trial judge abused his discretion: "In setting aside a non-suit and reinstating a case upon the trial docket, the trial judge may consider the evidence adduced prior to the non-suit and his action in so setting aside the non-suit and reinstating the case will not be disturbed on appeal unless a showing is made that he has abused his discretion."

Absent a court order extending the time for appeal, litigants must file a petition within eight months of a final order's entry. *W.Va.R.App.P.* 3(a).

■ Prohibition is an extraordinary remedy. A writ will issue from a superior to an inferior court when the inferior court has no jurisdiction or flagrantly abuses its legitimate powers. Syl. pt. 2, *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 236

S.E.2d 474 (1977); syl. pt. 2, *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973). Prohibition is not a substitute for appeal. *Woodall,* 156 W.Va. 604, 195 S.E.2d 720. As noted in syllabus points 2 and 3 of *Webb v. Fury,* 167 W.Va. 434, 282 S.E.2d 28 (1981), a trial judge's ruling on a discretionary matter may, on rare occasion, be appropriately considered under the original jurisdiction of this Court. In *Webb* we cautiously considered in prohibition a trial judge's discretionary decision to deny a Rule 12(b)(6) motion to dismiss. However, unlike this case, the petitioners persuaded the Court that the effect of appealing the order, rather than considering the matter under the Court's appellate jurisdiction, would have a chilling effect on a constitutional right.

■ We articulated the standard by which a trial judge, in his discretion, determines motions pursuant to Rule 41(b) in syllabus point 2 of *Gray v. Johnson,* 165 W.Va. 156, 267 S.E.2d 615 (1980): "A suit may be dismissed by authority of Rule 41(b), West Virginia Rules of Civil Procedure, for failure to prosecute when there is an unreasonable delay between filing the complaint and service of process, during which time plaintiff was not diligently attempting to serve defendant."

As noted in *Gray:*

[C]ourts have inherent common law power, in addition to any statutory authority to dismiss an action for failure to prosecute. [citations omitted] ...

. . . .

Involuntary dismissal for failure to prosecute should only occur when there is lack of diligence by a plaintiff and demonstrable prejudice to defendant. [citations omitted] Whether plaintiff was duly diligent must be determined on an *ad hoc* basis, after careful examination of factors contributing to delay. If plaintiff did nothing to locate defendant, and could have, she should be barred from her prosecution.

---

**3.** The letters were addressed to the general managers of American Airlines and United Airlines in Kanawha County. The letter to the Regional Airport Authority was simply addressed "Kana- wha County Airport." Receipt of the letters was established through the responses to the demand letters.

*Gray,* 165 W.Va. at 162–63, 267 S.E.2d at 619.

█ Since there was evidence in the record concerning the Williams' original counsel's efforts in obtaining service of process and there was evidence that the petitioners had actual notice of the pending claim in 1979, the trial judge did not act beyond his jurisdictional authority, or flagrantly abuse his discretion in reinstating the case. Therefore, the petitioners, who failed to exercise their right to appeal the order, are also denied the writ of prohibition.

Writ denied.