479 S.E.2d 866

**Russell DAVIS and Juanita Davis, Husband and Wife, Plaintiffs Below, Appellants,**

v.

**Jane A. KIDD, Defendant Below, Appellee.**

No. 23255.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1996.

Decided Nov. 18, 1996.

James M. Casey, Point Pleasant, for Appellants.

John E. Triplett, Jr., Theisen, Brock, Frye, Erb & Leeper, Marietta, OH, for Appellee.

PER CURIAM.

This action is before this Court[1] upon appeal from the final order of the Circuit Court of Wood County, West Virginia, entered on March 10, 1995. Pursuant to that order, the circuit court dismissed the complaint of the appellants, Russell Davis and Juanita Davis, against the appellee, Jane A. Kidd, without prejudice. The circuit court dismissed the complaint pursuant to Rule 4(*l*) of the *West Virginia Rules of Civil Procedure,* concerning the 180–day requirement for service of the complaint in a civil action.

This Court has before it the petition for appeal, all matters of record and the briefs of

---

[1]. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

counsel. For the reasons stated below, the final order of the circuit court is affirmed.

## I

On May 11, 1991, an automobile accident occurred in Parkersburg, Wood County, West Virginia. The appellants' car was driven by Juanita Davis. Russell Davis was a passenger therein. According to the appellants, their automobile was negligently struck by an automobile driven by the appellee, resulting in personal injuries to the appellants. The appellee was a resident of the State of Ohio.

In June 1991, an attorney for the appellants began contact with State Farm Insurance Company, the appellee's insurance carrier. Thereafter, on December 24, 1992, an action was filed against the appellee concerning the accident. When the action was filed, the appellants' attorney made no request for service of process upon the appellee. Rather, the attorney for the appellants resumed his discussions with State Farm. As reflected in the correspondence included in the record, by April 1993 the appellants' attorney and State Farm were unable to reach an agreement in settlement of the action.

On May 7, 1993, the circuit clerk of Wood County was requested by the appellants' attorney to serve the appellee through the office of the West Virginia Secretary of State.[2] On July 21, 1993, however, the Secretary of State's office notified the circuit clerk that no service could be completed because a forwarding order upon the appellee's mailing address, utilized by the federal post office, had expired.

Thereafter, the appellants obtained new counsel, and that counsel renewed settlement negotiations with State Farm and also hired an investigator to locate the whereabouts of the appellee for service of process in the action.

Nevertheless, on December 21, 1993, the office of the circuit clerk notified the appellants that the action was to be dismissed under Rule 4(*l*) of the *Rules of Civil Procedure* for failure of service of process. The appellants' attorney filed a response, however, noting, *inter alia*, the change in appellants' counsel, and the circuit judge directed the circuit clerk to maintain the action upon the docket.

On April 21, 1994, the circuit clerk issued a summons and a copy of the complaint at the request of the appellants' attorney for service upon the appellee. On April 28, 1994, the appellee was personally served with process in the action. It should be noted that the service on April 28, 1994, upon the appellee took place some 490 days after the filing of the complaint on December 24, 1992.

In May 1994, the appellee filed a motion to dismiss pursuant to Rule 4(*l*). As reflected in the final order of March 10, 1995, the circuit court granted the appellee's motion, and the complaint of the appellants was dismissed without prejudice. This appeal followed.

## II

As stated above, the appellants' complaint was dismissed pursuant to Rule 4(*l*) of the *West Virginia Rules of Civil Procedure*. Rule 4(*l*) provides:

*Summons: Time limit for service.*—If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such

---

2. With regard to actions against nonresident operators of motor vehicles, such as the appellee in these circumstances, *W. Va.Code*, 56–3–31 [1990], provides:

Every nonresident, for the privilege of operating a motor vehicle on a public street, road or highway of this state, either personally or through an agent, appoints the secretary of state, or his or her successor in office, to be his or her agent or attorney-in-fact upon whom may be served all lawful process in any action or proceeding against him or her in any court of record in this state arising out of any accident or collision occurring in the State of West Virginia in which such nonresident may be involved[.]

service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The federal counterpart of Rule 4(*l*) is Rule 4(m) of the *Federal Rules of Civil Procedure*. According to the official commentary to Rule 4(m), "it was thought advisable to put some kind of stated cap on the time for serving the summons."

■ Here, the appellants contend that they had good cause for not serving the summons and complaint within the 180–day period specified in Rule 4(*l*), and, therefore, the circuit court committed error in dismissing the complaint. Specifically, the appellants assert that they established good cause below for the delay of service by showing (1) that they had a change of counsel after the complaint was filed, (2) that they pursued settlement negotiations with the appellee's insurance carrier during the period of delay[3] and (3) that the appellants hired an investigator who ultimately determined the appellee's whereabouts for service of process. Moreover, the appellants assert that the appellee was not prejudiced by the delay of service.

The appellee, on the other hand, contends that the circuit court acted correctly in dismissing the complaint, inasmuch as the appellants failed to establish good cause to exempt them from the 180–day requirement and because prejudice to the appellee is not a proper consideration under Rule 4(*l*). In so contending, the appellee relies, primarily, upon the memorandum of opinion of the circuit court filed in support of the final order.

In its memorandum, the circuit court stated that a plaintiff, in establishing good cause to excuse late service, must set forth specific facts to show why service was not completed within the time period designated by the Rule. First, the circuit court, in the memorandum, indicated that, here, good cause was not shown by the change of appellants' counsel, since each of the two attorneys employed by the appellants allowed separate periods of more than 180 days to elapse prior to the ultimate service of the appellee on April 28, 1994. Second, the circuit court indicated that good cause was not shown with regard to the settlement negotiations with the appellee's insurance carrier because such negotiations are not relevant to a plaintiff's obligation to complete service within the time period provided in Rule 4(*l*), and, in any event, the settlement negotiations in this action had effectively terminated in April 1993, long before the appellee was served. Third, the circuit court, in the memorandum, stated that, although the hiring of an investigator to locate the appellee may have been "the beginning of establishing good cause" for the delay of service, no explanation was offered as to why it took the investigator "from the fall of 1993 until early April 1994" to locate the appellee, especially in view of the absence of an allegation that the appellee had attempted to evade service of process in this action. Finally, the circuit court stated that the allegation of lack of prejudice to the appellee, in spite of the delay of service, was not a relevant consideration under Rule 4(*l*), especially where, as here, the appellants failed to act diligently.

In response to the circuit court's reasoning, the appellants cite *Gray v. Johnson*, 165

---

**3.** As indicated above, service upon the appellee failed to be accomplished through the office of the West Virginia Secretary of State. However, according to *W. Va.Code*, 56–3–31 [1990], service upon the appellee could have been attempted through State Farm, the appellee's insurance carrier. As *W. Va.Code*, 56–3–31(b) [1990], provides:

> For purposes of service of process as provided in this section, every insurance company shall be deemed the agent or attorney-in-fact of every nonresident motorist insured by such

company if the insured nonresident motorist is involved in any accident or collision in this state and service of process cannot be effected upon said nonresident through the office of the secretary of state.

Nevertheless, the appellants never attempted to secure service of process through State Farm, and, as the appellee points out, "there was no evidence that even a courtesy copy of the Complaint was served on the [appellee's] insurance carrier."

W.Va. 156, 267 S.E.2d 615 (1980), a case involving dismissals under Rule 41(b) of the *West Virginia Rules of Civil Procedure* for failure to prosecute.[4]  In *Gray,* a complaint for recovery for personal injuries was filed in the circuit court in June 1973, but service upon the nonresident defendant was not completed until August 1974.  As the appellants herein emphasize, this Court stated, in *Gray,* that "a plaintiff must have an address for a nonresident motorist defendant; otherwise, [the] defendant is not available for service." 165 W.Va. at 161, 267 S.E.2d at 618.  Nevertheless, also stating that a plaintiff must be diligent in attempting to serve the defendant, this Court remanded the action in *Gray* to the circuit court for a hearing to determine whether the plaintiff had been dilatory.

In the action now before us, the complaint was dismissed pursuant to Rule 4(*l*).  Rule 41(b) was not involved.  However, under both rules, the 180–day period specified in Rule 4(*l*) and the admonition concerning Rule 41(b) expressed in *Gray,* a plaintiff must exercise some diligence in serving a nonresident defendant.  As stated in *Stevens v. Saunders,* 159 W.Va. 179, 187, 220 S.E.2d 887, 892 (1975): "[I]t is a well established rule that the plaintiff or his attorney bears the responsibility to see that an action is properly instituted [.]"

Recently, in *State ex rel. Charleston Area Medical Center v. Kaufman,* 197 W.Va. 282, 475 S.E.2d 374 (1996), this Court considered the dismissal of an action under Rule 4(*l*) for a 370–day delay in serving the defendant with process.  Although the circuit court, in *Charleston Area Medical Center,* reinstated the action, this Court prohibited further proceedings therein, "unless the plaintiff ... is properly found [by the circuit court] to have shown good cause under Rule 4(*l*) why the action should not be dismissed." 197 W. Va. at 290, 475 S.E.2d at 382.  Recognizing, in *Charleston Area Medical Center,* that "by and large, courts have not considered that ongoing settlement negotiations excuse compliance with Rule 4(*l*) [and] that mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden do not constitute good cause under Rule 4(*l*)," 197 W.Va. at 288, 289, 475 S.E.2d at 380, 381, this Court held in syllabus point 3:

> Dismissal under Rule 4(*l*) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(*l*) has two options to avoid the consequences of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint.

Although this Court's decision in *Charleston Area Medical Center* was filed subsequent to the events of this action, that decision was, essentially, a confirmation of the clear import of Rule 4(*l*) that, in the absence of a good cause exception, an action shall be dismissed for failure to complete service within 180 days.  Clearly, the analysis of the circuit court, in the memorandum of opinion, is consistent with the provisions of Rule 4(*l*) and our later ruling in *Charleston Area Medical Center.*  Moreover, the facts set forth in the record support the circuit court's final order.  In particular, the complaint filed by the appellants indicated that the appellee was

---

**4.**  Rule 41(b) of the *West Virginia Rules of Civil Procedure,* at the time of the circumstances in *Gray,* provided in part:

> Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued.  The court may direct that such order be published in such newspaper as the court may

name.  The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

The current version of the above provisions of Rule 41(b) refers to actions "wherein for more than one year there has been no order or proceeding," rather than two years.

a nonresident living in Woodsfield, Ohio, and, as the circuit court found, there was no allegation that the appellee attempted to avoid service of process. In addition, a letter dated April 23, 1993, from the appellants' original counsel to State Farm during settlement negotiations acknowledged that the appellee had not been served with process. The delay following that letter continued well into 1994. The service of process upon the appellee on April 28, 1994, took place some 490 days after the filing of the complaint.

In syllabus point 2 of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995), this Court held: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" *See also* syl. pt. 2, *Randolph County Board of Education v. Adams,* 196 W.Va. 9, 467 S.E.2d 150 (1995). However, in view of the several factual determinations made by the circuit court in the circumstances of this action, we also note this Court's observation in *Phillips v. Fox,* 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995), that our review of a circuit court's factual findings is ordinarily under a "clearly erroneous" standard. *See also Magaha v. Magaha,* 196 W.Va. 187, 190, 469 S.E.2d 123, 126 (1996).

Unlike the circumstances in *Charleston Area Medical Center,* which required a subsequent evidentiary hearing concerning the issue of good cause, further proceedings in this action to determine the existence of good cause under Rule 4(*l*) are unnecessary. Here, the facts concerning the delay in service of process were thoroughly expiscated or "fished out" by the circuit court. *Maxey v. Maxey,* 195 W.Va. 158, 159, 464 S.E.2d 800, 801 (1995). The circuit court's memorandum of opinion is well-reasoned. Accordingly, upon all of the above, the final order of the Circuit Court of Wood County, entered on March 10, 1995, is affirmed.

Affirmed.

RECHT, Judge, sitting by temporary assignment.