489 S.E.2d 499

**June CHILDRESS, Plaintiff Below, Appellant**

v.

**Benjamin Allen THOMPSON, Defendant Below, Appellee.**

No. 23842.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1997.

Decided July 8, 1997.

Suzanne W. Daugherty, George A. Daugherty, Elkview, for Appellant.

Daniel R. Schuda, Ancil G. Ramey, Steptoe & Johnson, Charleston, for Appellee.

**PER CURIAM:**

This is an appeal by June Childress (hereinafter "Appellant") from a March 12, 1996, order of the Circuit Court of Jackson County denying a motion to reconsider an previous order entered on October 31, 1995, which dismissed the Appellant's personal injury action for failure to secure service of process within 180 days, as mandated by West Virginia Rule of Civil Procedure 4(*l*). The Appellant contends that the lower court erred by dismissing this matter from its docket. We affirm the decision of the lower court.

## I.

On July 26, 1988, the Appellant and Benjamin Thompson (hereinafter "Appellee") were involved in an automobile accident. On July 24, 1990, the Appellant filed a complaint in the lower court, and service of process was attempted at the two locations indicated on the accident report. The sheriff subsequently reported that service had not been accomplished and that the Appellee was living in Colorado.

In June 1991, the Appellant's counsel obtained the Appellee's Colorado telephone number from an insurance adjuster. Counsel maintains that attempts were made to reach the Appellee by telephone, but such attempts were unsuccessful until October 1991. On November 1, 1991, service of process was effected through the Secretary of

State.[1] The Appellee did not answer the Complaint, and the Appellant moved for default judgment on June 15, 1992. That motion was not granted. The Appellant and the Appellee thereafter engaged in settlement negotiations, and on January 31, 1994, the lower court entered an order dismissing the case for inactivity, pursuant to West Virginia Rule of Civil Procedure 41(b). The Appellant filed a motion for reinstatement on September 9, 1994, contending that the matter was inappropriately removed from the docket. A hearing on the reinstatement motion was held in the lower court on June 30, 1995.[2] On October 31, 1995, the lower court denied reinstatement, maintaining that the complaint was properly dismissed for failure to show good cause why service of process was not accomplished within the 180 days mandated by West Virginia Rule of Civil Procedure 4($l$).[3]

On December 1, 1995, the Appellant filed a motion to reconsider, and on March 12, 1996, the lower court denied the motion to reconsider. West Virginia Rule of Civil Procedure 59(e) provides that motions to alter or amend judgments shall be served no later than ten days after the entry of the judgment. Therefore, the motion for reconsideration filed by the Appellant must be characterized as a Rule 60(b) motion requesting relief from judgment. We explained as follows in syllabus point one of *Nancy Darlene M. v. James Lee M.*, 195 W.Va. 153, 464 S.E.2d 795 (1995):

"'A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 1, *Jackson General Hospital v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995).

The Appellant contends that the lower court erred in dismissing the action, alleging that the delay in service of process was due to the Appellee's insurance company's refusal to disclose the Appellee's address. The Appellant indicates that although the insurer was immediately contacted regarding the Appellee's residence, the information was not revealed until June 1991, in exchange for information from the Appellant concerning the Appellant's vehicle.

The Appellee maintains that there was no good cause for the delay in effecting service of process, emphasizing the Appellant's lack

---

1. West Virginia Code § 56–3–31 (1990) provides guidance for the initiation of actions against nonresident operators of motor vehicles:

    Every nonresident, for the privilege of operating a motor vehicle on a public street, road or highway of this state, either personally or through an agent, appoints the secretary of state, or his or her successor in office, to be his or her agent or attorney-in-fact upon whom may be served all lawful process in any action or proceeding against him or her in any court of record in this state arising out of any accident or collision occurring in the State of West Virginia in which such nonresident may be involved[.]

    Pursuant to West Virginia Code § 56–3–31(b) [1990], service upon the Appellee could have been attempted through State Farm, as the Appellee's insurer. Section 56–3–31(b) provides:

    For purposes of service of process as provided in this section, every insurance company shall be deemed the agent or attorney-in-fact of every nonresident motorist insured by such company if the insured nonresident motorist is involved in any accident or collision in this state and service of process cannot be effected upon said nonresident through the office of the secretary of state.

There is no evidence that the Appellant attempted to secure service of process in this manner.

2. The Appellee, in a cross-assignment of error, contends that the lower court was without jurisdiction to reinstate the action following the passage of more than three terms of court following the dismissal of the action, pursuant to the language of Rule 41(b). Finding that the lower court properly dismissed this matter on the Rule 4($l$) 180–day limitation, we do not address the issue of timeliness of the Appellant's motion for reinstatement.

3. Rule 4($l$) provides as follows:

    ($l$) Summons: Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

of diligence in attempting to locate the Appellee, the failure to employ an investigator to locate the Appellee, the failure to timely file a motion under Rule 6(b) of the West Virginia rules of Civil Procedure for the enlargement of time to serve process, and the absence of willful evasion by the Appellee. As the lower court aptly stated with regard to the Appellant's chronicle of events surrounding the efforts to locate the Appellee:

> This Court finds this not to be such a showing inasmuch as it is, in essence, an argument that an attempted but ineffective good faith effort to effect service of process is, itself, a showing of good cause for that failure. Such a finding would make the Rule meaningless.

## II.

We recently discussed the dismissal of a complaint for failure to serve within 180 days in *Davis v. Kidd,* 198 W.Va. 205, 479 S.E.2d 866 (1996). In syllabus point one, we explained as follows:

> "Dismissal under Rule 4(l) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(l) has two options to avoid the consequences of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint." Syl. Pt. 3, *State ex rel. Charleston Area Medical Center v. Kaufman,* 197 W.Va. 282, 475 S.E.2d 374 (1996).

As we emphasized in *Stevens v. Saunders,* 159 W.Va. 179, 220 S.E.2d 887 (1975): "[I]t is a well established rule that the plaintiff or his attorney bears the responsibility to see that an action is properly instituted[.]" *Id.* at 187, 220 S.E.2d at 892. In *Kaufman,* we considered the dismissal of an action under Rule 4(l) for a 370-day delay in serving the defendant with process. 197 W.Va. at 284, 475 S.E.2d at 376. Although the lower court in *Kaufman* reinstated the action, we prohibited further proceedings "unless the plaintiff ... is properly found [by the circuit court] to

have shown good cause under Rule 4(l) why the action should not be dismissed." *Id.* at 290, 475 S.E.2d at 382. We recognized in *Kaufman* that "by and large, courts have not considered that ongoing settlement negotiations excuse compliance with Rule 4(l)[and] that mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden do not constitute good cause under Rule 4(l)." *Id.* at 288–89, 475 S.E.2d at 380–81.

In *Kaufman,* we also enumerated several relevant considerations to be examined in resolving the Rule 4(l) issue. Utilizing the guidance of the Illinois court in *North Cicero Dodge, Inc. v. Victoria Feed Co.,* 151 Ill. App.3d 860, 105 Ill.Dec. 28, 503 N.E.2d 868 (1987), we cited the following factors to be considered: (1) length of time to obtain service; (2) activity of Plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which location could have been known; (5) actual knowledge by defendant of the case; and (6) special circumstances. 197 W.Va. at 288, 475 S.E.2d at 380.

In the present case, approximately fifteen months elapsed between the filing of the suit and the service of process. The Appellant placed telephone calls in an attempt to locate the Appellee and attempted to obtain information from the Appellee's insurer. While the Appellant submits that her counsel's illness affected her ability to serve process, the lower court examined that contention and determined that the illness did not constitute good cause for the delay. The court reasoned that Appellant's counsel was not a sole practitioner, and the illness did not prevent the hiring of other professionals to attempt to locate the Appellee.

Based upon our review of the record and the arguments of counsel, we affirm the decision of the lower court in all respects.

Affirmed.