375 S.E.2d 419

**Donald W. MIDKIFF and Josephine Midkiff, etc., Plaintiffs Below, Appellees,**

**v.**

**Robert H. KENNEY, Jr., and Ruthie E. Kenney, etc., Defendants Below, Appellants.**

**No. 17930.**

Supreme Court of Appeals of West Virginia.

Nov. 23, 1988.

Charles H. Covert, St. Albans, for appellants.

Alfred B. McCuskey, II, St. Albans, for appellees.

## PER CURIAM:

Donald W. Midkiff and Josephine Midkiff purchased their new home from the builder Robert H. Keeney, Jr. and his wife, Ruthie E. Keeney on February 15, 1979 for $73,-900. On August 21, 1981, the Midkiffs instituted a suit against the Keeneys, which alleged that faulty construction had caused (1) the earth to slip around the house causing structural damage and (2) a fire from the fireplace. After the Keeneys received the summons and complaint on March 21, 1982, they served the Midkiffs with a notice of bona fide defense on April 12, 1982 and an answer on April 22, 1982 that included various affirmative defenses.

Limited discovery followed and on April 14, 1986, the Midkiffs notified the Keeneys that a hearing on a motion to set a trial date would be held on May 9, 1986.[1] Neither the Keeneys nor their counsel attended the May 9, 1986 hearing. As a result of the hearing, trial was scheduled for June 2, 1986 and an order reflecting the trial date was entered on May 21, 1986 and mailed to counsel for the Keeneys on May 23, 1986.[2] No other notice was sent to or received by either counsel or party. The Keeneys'

counsel did not receive the trial date order entered May 21, 1986 and neither the Keeneys nor their counsel appeared for trial.

On June 2, 1986, the trial court entered a default judgment on the issue of liability and a jury awarded damages to the Midkiffs in the amounts of $61,090.37 for actual damages and $50,000 for punitive damages. On July 1, 1986, the trial court entered an order which stated that based on a June 6, 1986 [sic] trial on the merits, the jury had found for the Midkiffs and awarded damages in the above specified amounts.

On July 16, 1986, the Keeneys filed a motion to set aside the default judgment.[3] On August 18, 1986, as a result of a hearing held on July 31, 1986, the trial court upheld the previous judgment and award. On June 17, 1987, the trial court denied the Keeneys' motion to reconsider and set aside the default judgment.

On appeal, the Keeneys assert that the trial court abused its discretion when it failed to set aside the default judgment for good cause, specifically the failure of the Keeneys to receive notice and attend trial. Because we agree that the trial court abused its discretion in failing to set aside the default judgment, we reverse the decision of the circuit court.

We have consistently encouraged hearings on the merits and have given a liberal construction to Rules 55(c) and 60(b), *W.Va.R.C.P.* which allow a judgment by default to be set aside. Rule 55(c) provides that "A judgment by default may be set aside in accordance with Rule 60(b)." Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoid-

---

1. The record indicates the counsel for the Keeneys, J. Michael Anderson, was uncertain if he continued to represent the Keeneys. In any event, he did not withdraw as counsel of record until October 31, 1986.

2. Mr. Anderson believed that trial would not be scheduled for at least six months and made no effort to obtain information about the trial date.

Better practice by counsel for the Keeneys would have included checking with the trial court and other counsel. Other than mailing a copy of the trial date order, counsel for Midkiffs made no effort to inform opposing counsel.

3. On July 11, 1986 the Kenneys notified the trial court that they had substituted counsel.

able cause; ... (4) the judgment is void; ...or (6) any other reason justifying relief from the operation of the judgment.

In Syllabus Point 2, *Hamilton Watch Company v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972), we stated:

> Inasmuch as courts favor the adjudication of cases on their merits, Rule 60(b) of the West Virginia Rules of Civil Procedure should be given a liberal construction.

*See* Syllabus Point 2, *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979); Syllabus Point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972).

In the present case the Keeneys filed a notice of bona fide defense, answered the complaint and participated in discovery. Shortly after the trial on July 16, 1986, the Keeneys filed a motion to set aside the default judgment. The Keeney's actions indicate that, if given notice, they would have attended and participated in a trial. Furthermore, there is no question that the Keeneys did not have actual notice of the trial. Despite the willingness of both parties to participate, the merits of this civil action have not been examined.

In Syllabus Point 1, *Cordell v. Jarrett*, 171 W.Va. 596, 301 S.E.2d 227 (1982) we stated:

> "While a default judgment obtained in accordance with the provisions of Rule 55(b), West Virginia Rules of Civil Procedure, is a valid and enforceable judgment, a motion to set aside such judgment should be granted upon the showing of good cause therefor as prescribed in Rule 60(b) of the aforesaid rules." Syllabus Point 1, *Hamilton Watch Company v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972).

We believe that the failure of the Keeneys and their counsel to attend the trial because of lack of notice constitutes good cause.

In Syllabus Point 2, *Dotson v. Sears, Roebuck & Co., Inc.*, 176 W.Va. 86, 341 S.E.2d 832 (1985), we stated:

> "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 3, *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970).

In the present case because good cause existed to set aside the default judgment, we find the trial court abused its discretion when it failed to set aside the default judgment.

We, therefore, reverse the trial court's order denying the motion to set aside the judgment, and remand the case for trial.

REVERSED AND REMANDED.