400 S.E.2d 553

**PATRICIA W.**

v.

**JOHN A.B., Sr.**

No. 19560.

Supreme Court of Appeals of West Virginia.

Dec. 12, 1990.

Gregory T. Hinton, Fairmont, for John A. Bolling, Sr.

Kevin V. Sansalone, Fairmont, for Patricia Whiting.

**PER CURIAM:**

The appellant, John A.B., Sr., appeals an order of the Circuit Court of Marion Coun-

ty entered on April 17, 1989, which denied the appellant's motion for reconsideration of the circuit court's order granting the appellee, Patricia W., a default judgment against the appellant.[1] The appellant contends that the circuit court abused its discretion when it denied the appellant's motion for an extension of time in which to file an answer to the paternity complaint filed against him by the appellee, and entered a default judgment. We believe the appellant is entitled to a hearing on the question of whether his failure to file a timely answer was excusable neglect, and accordingly, we remand this case for further proceedings.

The facts of this case consist primarily of the procedural history. The appellee filed a complaint against the appellant on February 8, 1988, charging him as the natural father of Jannika W., a female child born on August 23, 1976. The appellant was served with a summons and a copy of the complaint on February 10, 1988.

A hearing was held before the family law master on June 2, 1988. The appellant, however, failed to either answer the complaint or to appear at the hearing. The appellee requested that the family law master recommend to the circuit court that an order be entered granting the appellee a judgment by default pursuant to Rule 55(b) of the *West Virginia Rules of Civil Procedure*.[2] The appellee's counsel filed an affidavit stating that the appellant had failed to appear or otherwise defend against the complaint.

On June 17, 1988, the family law master recommended that the circuit court enter a default judgment, and decree that the appellant is the father of Jannika W.

On June 27, 1988, the appellant filed an objection to the recommendation of the family law master, a motion to extend the time in which to answer the paternity complaint, and an answer to the paternity complaint. The appellant asserted that he was confused between this proceeding and another proceeding in which he and the appellee were named in a child custody dispute with the West Virginia Department of Human Services.[3] The appellant did not obtain counsel to represent him until more than a month after the complaint and summons had been served. The appellant's counsel contended that he did not file an answer to the complaint because he believed the appellant had already appeared before the circuit court, and denied paternity.

By order entered on March 16, 1989, the circuit court denied the appellant's motion for an extension of time in which to file an answer, and concluded that the appellant's objections to the family law master's recommendation were without merit. The circuit court adopted the recommendations of the family law master, and essentially entered a judgment of default against the appellant.

The appellant subsequently filed a motion for reconsideration of the circuit court's ruling, and offered to pay for blood testing as a condition of reconsideration. By order entered on April 17, 1989, the circuit court denied the appellant's motion.

The sole issue in this appeal is whether the circuit court abused its discretion when it denied the appellant's motion for an extension of time in which to file an answer, and entered a default judgment against the appellant. The appellant maintains that he is entitled to relief from the default judg-

---

1. We follow our traditional practice in cases involving paternity actions, and do not use the last names of the parties. *See, e.g., State of West Virginia ex rel. Division of Human Services v. Benjamin P.B.*, 183 W.Va. 220, 222 n. 1, 395 S.E.2d 220, 222 n. 1 (1990); *Shelby J.S. v. George L.H.*, 181 W.Va. 154, 155 n. 1, 381 S.E.2d 269, 270 n. 1 (1990).

2. Rule 55(b) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend

as provided by these rules, judgment by default may be entered[.]"

3. The juvenile petition, Case No. 87–J–180, in which the appellant and the appellee were named in a child custody dispute with the Department of Human Services, was filed on October 23, 1987. The appellant maintains that he did not realize that the summons and complaint served in Case No. 88–P–13, on February 10, 1988, were separate from the 87–J–180 proceeding.

ment because his failure to file a timely answer to the paternity complaint was a result of excusable neglect.

We listed four factors, in syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), which should be considered by a circuit court in its determination of whether to enter a default judgment:

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Furthermore, once a default judgment has been entered, a motion to set it aside will not be granted unless the movant shows good cause, as set forth in Rule 60(b) of the *West Virginia Rules of Civil Procedure*, for his failure to act in a timely manner as we stated in syllabus point 1 of *Intercity Realty Company v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970):

> A default judgment obtained in accordance with the provisions of Rule 55(b), West Virginia Rules of Civil Procedure, is a valid and enforceable judgment and a motion to set aside such judgment will not be granted unless the movant shows good cause therefor as prescribed in Rule 60(b) of the aforesaid Rules of Civil Procedure.[4]

Moreover, this Court continues its policy of encouraging hearings on the merits and giving a liberal construction to Rule 60(b) of the *West Virginia Rules of Civil Procedure* as we stated in syllabus point 2 of *Hamilton Watch Company v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972): "Inasmuch as courts favor the adju-

dication of cases on their merits, Rule 60(b) of the West Virginia Rules of Civil Procedure should be given a liberal construction."

Finally, a circuit court's ruling on a motion to set aside a default judgment will not be disturbed on appeal unless there is a showing of an abuse of discretion as we stated in syllabus point 3 of *Intercity Realty Company v. Gibson, supra:* "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion."

In the case now before us, the appellant has asserted that he failed to file a timely answer to the paternity complaint because he incorrectly assumed that the paternity complaint was part of another case involving a child custody dispute with the Department of Human Services. The issue of excusable neglect, however, was not litigated prior to the entry of the default judgment. We believe that the appellant is entitled to a hearing on the question of whether his failure to timely answer the paternity complaint was excusable neglect. Therefore, we conclude that the circuit court abused its discretion when it entered a default judgment without conducting a hearing on that issue. Accordingly, we shall set aside the default judgment entered by the circuit court, and remand this case for a hearing on the question of whether the appellant's failure to file a timely answer to the paternity complaint was excusable neglect.

Reversed and remanded.

---

**4.** Rule 55(c) provides that "[a] judgment by default may be set aside in accordance with Rule 60(b)." Rule 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal represent-ative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause[.]"