402 S.E.2d 256

Phyllis **BLANKENSHIP,** Kimberly Blankenship, by her Next Friend Billy Ray Blankenship, and Billy Ray Blankenship, Individually,

v.

**BOWEN'S ROOF BOLTS SALES AND SERVICE, INC. and James I. Wolford.**

No. 19715.

Supreme Court of Appeals of West Virginia.

Feb. 21, 1991.

James Allan Colburn, Baer, Colburn & Morris, L.C., Huntington, for Phyllis Blankenship and Kimberly Blankenship.

W. Graham Smith, Smith & Rumora, Williamson, for Bowen's Roof Bolts Sales and Service, Inc. and James I. Wolford.

## PER CURIAM:

This is an appeal by Phyllis Blankenship and others from a judgment of the Circuit Court of Mingo County dismissing their personal injury action against Bowen's Roof Bolts Sales and Service, Inc. and James I. Wolford. The action was dismissed because the appellants and their counsel failed to appear for trial. On appeal, the appellants claim that they were not informed of the trial date and that, under the circumstances, the trial court erred in dismissing their action for nonappearance. They also claim that the trial court should have set aside the dismissal when the peculiar facts of their case became apparent. After reviewing the record and the arguments of the parties, this Court agrees with the appellants. The

judgment of the Circuit Court of Mingo County is, therefore, reversed.

On November 22, 1988, the appellants, who had sustained damages as the result of an automobile accident, instituted a personal injury action by filing a complaint in the office of the Clerk of the Circuit Court of Mingo County. The defendants, Bowen's Roof Bolts Sales and Service, Inc., and James J. Wolford, filed answers, and subsequently discovery was conducted.

The case was mature for trial by the commencement of the January, 1990, term of the Circuit Court of Mingo County, and the judge of the court, as was his custom, sent a letter to the appellants' counsel, as well as to all attorneys of record in other cases pending in the court, notifying him and them that the docket for the January, 1990, term would be called on January 11, 1990.

The appellants' counsel received the letter notifying him that the docket would be called on January 11, 1990, but he was unable to be present because of other commitments. He, therefore, wrote the circuit judge and requested that the case be set for trial between March 19, 1990, and March 30, 1990. After receiving the letter, the trial judge set the trial in the case for March 26, 1990.

For reasons which are unclear from the record, neither the appellants nor their counsel received notice of the trial date and, consequently, failed to appear in court on March 26, 1990.

When the appellants failed to appear, the defendants moved to dismiss the action with prejudice for failure to prosecute, and on the following day the trial court granted the motion.

A copy of the dismissal order was forwarded to the appellants' attorney and received by him on April 4, 1990. On that same day he moved to set aside the order.

A hearing on the motion to set aside the judgment was conducted on April 23, 1990, and at the conclusion of that hearing the motion was overruled. In overruling the motion, the trial judge implicitly recognized that the appellants had not received notice

of the trial date, but he concluded that the appellants had an obligation either to send someone to appear at the docket call or to conduct a follow-up and check with the clerk or the judge to determine whether the case had been set.

On appeal, the appellants argue that under Rule 60(b) of the Rules of Civil Procedure a party should be relieved from a default judgment where the judgment was the result of, among other things, mistake, inadvertence, surprise, excusable neglect, or unavoidable cause, or for any other reason justifying relief from the operation of the judgment. They argue that in their case the failure of their counsel to appear at trial was the result of mistake or unavoidable cause and that the circumstances constituted good reason for relieving them from the judgment.

Rule 60(b) of the West Virginia Rules of Civil Procedure, the rule upon which the appellants rely for relief, provides, in part, that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; ... The motion shall be made within a reasonable time, and for reasons (1) ... not more than eight months after the judgment, order, or proceeding was entered or taken.

■ In a number of cases this Court has indicated that Rule 60(b) should be liberally construed in order to provide relief from the onerous consequences of default judgments and to accomplish justice where merited. The Court has also indicated that, if any doubt exists as to whether relief should be granted, such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits. *Schupbach v. Newbrough,* 173 W.Va. 156, 313 S.E.2d 432 (1984); *Cordell v. Jarrett,* 171 W.Va. 596, 301 S.E.2d 227 (1982); *Parsons v. McCoy,* 157 W.Va. 183, 202 S.E.2d 632 (1973); *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972). These principles were summarized in syllabus point 2 of *Parsons v. McCoy, supra,* as follows:

The Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments.

■ Recently, in the case of *Midkiff v. Kenney,* 180 W.Va. 55, 375 S.E.2d 419 (1988), the Court recognized that where the failure of a party to attend a trial is because of lack of notice of the trial date, the circumstances are such that the parties should be relieved of default judgment, where a motion under Rule 60(b) is filed within the time provided by the Rule. In *Midkiff,* neither party in the proceeding, nor their counsel, attended court on a date set for trial. As a result, the trial court rescheduled the trial for a later date and mailed a copy of the order reflecting the new trial date to counsel for one of the parties. For reasons which are unclear, the appellants' attorney did not receive the copy of the order, and the attorney and his clients failed to appear for trial. As a consequence of the nonappearance, the trial court entered default judgment on the issue of liability, and the jury awarded damages for the plaintiffs. Subsequently, the appellants moved to set aside the judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure. The trial court denied that motion, and the defendants appealed to this Court. This Court, upon reviewing the circumstances of the case, as well as the law relating to motions under Rule 60(b) of the West Virginia Rules of Civil Procedure, concluded that the failure of the appellants to attend trial because of lack of notice constitutes good cause for setting aside a default judgment and that the trial court, under the circumstances of the case, abused its discretion when it failed to set aside the default judgment and, in effect, failed to grant the defendants' motion under Rule 60(b) of the Rules of the Civil Procedure.

In the similar case of *Cordell v. Jarrett, supra,* where a lessee failed to appear before a circuit judge on an appeal from a magistrate ruling, and where the failure to

appear was due to the fact that the lessee was not aware that his appeal was being heard, the Court concluded that the lessee's failure to appear was attributable to un-avoidable cause for which there was good reason to justify an order setting aside default judgment.

In this Court's view, the appellants' failure to appear in the present case was attributable to factors analogous to those discussed in *Midkiff v. Kenney, supra,* and *Cordell v. Jarrett, supra.* In line with the principles set forth in *Midkiff* and *Cordell,* the Court believes that there was good cause for setting aside the default judgment entered and that the trial judge in the present case abused his discretion in failing to grant the appellants relief from the default judgment.

For the reasons stated, the judgment of the Circuit Court of Mingo County is reversed, the default judgment is set aside, and this case is remanded with directions that the trial court allow the parties to prosecute the case on its merits.

Reversed and remanded with directions.