415 S.E.2d 607

The COUNTY COMMISSION OF WOOD COUNTY, A Public Corporation, and Wood County Parks and Recreation Commission, A Public Corporation, Plaintiffs Below, Appellees,

v.

Stephen F. HANSON, d/b/a Hanson Excavating; Hanson Excavating, Inc., A Purported Corporation, Defendants Below,

and

Ohio Casualty Insurance Company, A Corporation, Defendant Below, Appellant.

No. 20268.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1992.

Decided Feb. 11, 1992.

Richard Hayhurst, Patricia A. Morrison, Lawrence M. Ronning, Ronning & Brown, Parkersburg, for appellees, The County Com'n of Wood County and Wood County Parks and Recreation Com'n.

William L. Mundy, Jeffrey S. Burgess, Mundy & Adkins, Huntington, for defendant below, Stephen F. Hanson, d/b/a Hanson Excavating.

M. Blane Michael, Keith A. George, Jackson & Kelly, Charleston, and James S. Huggins, Theisen, Brock, Frye, Erb & Leeper, Marietta, Ohio, for appellant Ohio Cas. Ins. Co.

PER CURIAM:

This is an appeal by Ohio Casualty and Insurance Company (hereinafter referred to as "Ohio Casualty" or "the appellant") from a final order of the Circuit Court of Wood County dated December 21, 1990, which denied Ohio Casualty's motion for relief from a default judgment. The appellant contends that it is entitled to relief from the default judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure. We agree with the contentions of the appellant and hereby reverse the decision of the Circuit Court of Wood County.

### I.

On June 7, 1989, Stephen F. Hanson, d/b/a Hanson Excavating, (hereinafter referred to as "Hanson") entered into a contract with the Claywood Park Public Service District in Wood County to extend a water distribution system. The appellant served as Hanson's surety on a performance bond and a payment bond, both dated June 7, 1989.[1] Hanson's liability insurer, however, was Aetna Casualty & Surety Company (hereinafter referred to as "Aetna").

The plaintiffs in this action, the County Commission of Wood County and the Wood County Parks and Recreation Commission, sued Hanson and Ohio Casualty alleging that Hanson, on or about August 18, 1989, had tortiously damaged a sewer system owned by the plaintiffs. This puncture allegedly caused approximately $70,000 in damage to the sewer line. Aetna, Hanson's liability insurer, was not named in the complaint.

Ohio Casualty was served through the West Virginia Secretary of State. The Secretary of State's office mailed the summons and complaint by certified letter dated August 27, 1990. Although an Ohio Casualty employee signed the certified receipt for the letter on August 30, 1990, the complaint was misplaced until October 5, 1990, when Ohio Casualty's claims supervisor received it. Due to that delay, Ohio Casualty did not answer the complaint within the prescribed time period, and a default judgment on liability against Ohio Casualty was entered by the Circuit Court of Wood County on October 5, 1990. Ohio Casualty moved for relief from the default judgment on October 30, 1990, under West Virginia Rules of Civil Procedure 55(c) and

---

1. Through the performance bond, the appellant served as Hanson's surety on his obligation to perform the duties, covenants, terms, conditions, etc. of the water system extension contract. The payment bond provided that the appellant would serve as Hanson's surety to insure that Hanson would promptly pay for all materials and labor.

60(b).[2] The lower court denied Ohio Casualty's motion for relief on December 21, 1990, and denied Ohio Casualty's motion to reconsider in April 1991.

Ohio Casualty contends that it is entitled to relief from the default judgment under Rule 60(b)(1) in that the misplacement of the complaint and the resulting failure to answer in a timely fashion were due to excusable neglect. Following an investigation into the misplacement of the complaint, Ohio Casualty was unable to determine the reason for the thirty-five day delay. Ohio Casualty did, however, explain its normal procedure for handling complaints and stated that the mail room would typically send complaints to the claims department through inter-office mail. Ohio Casualty also contends that it has only misplaced one other complaint in thirty years. Following that incident, procedures were apparently altered to require immediate delivery to the claims department.

## II.

■ We have consistently held that "[i]nasmuch as courts favor the adjudication of cases on their merits, Rule 60(b) of the West Virginia Rules of Civil Procedure should be given a liberal construction." Syl.Pt. 2, *Hamilton Watch Co. v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972). Any doubt regarding the propriety of setting aside a default judgment should be resolved in favor of granting relief from the default judgment to examine the case on its merits. *Blankenship v. Bowen's Roof Bolts Sales and Serv., Inc.*, 184 W.Va. 587, 402 S.E.2d 256 (1991); *Schupbach v. Newbrough*, 173 W.Va. 156, 313 S.E.2d 432 (1984); *Cordell v. Jarrett*, 171 W.Va. 596, 301 S.E.2d 227 (1982); *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972); *see also Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

■ We have distinctly enunciated the manner through which the determination as to the appropriateness of a default judgment must be approached. First, the party seeking to set aside the default judgment must make an initial showing of good cause, as listed in Rule 60(b)(1). *Dotson v. Sears, Roebuck & Co.*, 176 W.Va. 86, 89, 341 S.E.2d 832, 835 (1985). Second, once the party shows mistake, inadvertence, surprise, excusable neglect, or unavoidable cause, four factors set forth in *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), must be analyzed. As we explained in syllabus point 3 of *Parsons:*

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

163 W.Va. at 464–465, 256 S.E.2d at 759.

■ As we noted in syllabus point 3 of *Patricia W. v. John A.B. Sr.*, 184 W.Va. 309, 400 S.E.2d 553 (1990), " '[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syl. pt. 3, *Intercity Realty Company v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970)." After thorough consideration of the issues raised in the present case, we find that Ohio Casualty has satisfied the requirements for setting aside the default judgment against it and that the lower court

---

**2.** West Virginia Rule of Civil Procedure 55(c) provides as follows: *"Setting aside default judgment.—*A judgment by default may be set aside in accordance with Rule 60(b)."* West Virginia Rule of Civil Procedure 60(b), in pertinent part, provides as follows:

*Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence;*

*fraud, etc.—*On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause. . . .

abused its discretion in failing to set aside the default judgment.

First, Ohio Casualty presented a detailed explanation of its normal procedure for processing complaints. While Ohio Casualty could not identify the precise nature of the breakdown in the system which caused the misplacement in this case, Ohio Casualty did identify an efficient system of internal procedure. As we recognized in *Parsons v. McCoy*, 157 W.Va. 183, 190, 202 S.E.2d 632, 636 (1973), "the majority of the reported cases appear to hold that where an insurance company has misfiled papers, this amounts to excusable neglect...." In *McCoy*, we found that failure to answer in a timely fashion following the removal of the complaint from a supervisor's desk and a misfiling was the result of a "misunderstanding" and an "inadvertence" on the part of the insurance company involved. 157 W.Va. at 193, 202 S.E.2d at 637. Similarly, in the present case, we believe that this one failure in the system constitutes excusable neglect and falls within the purview of West Virginia Rule of Civil Procedure 60(b)(1).

Ohio Casualty has also satisfied the four factors enumerated in *Parsons*. *See* Syl. Pt. 3, 163 W.Va. at 464–465, 256 S.E.2d at 759. First, the plaintiffs have demonstrated no significant prejudice by the brief delay in answering the complaint. The plaintiffs did not even serve Hanson until late January 1991, three months after Ohio Casualty moved for relief from the default judgment. Second, Ohio Casualty is able to present a material issue of fact and a meritorious defense regarding the issue of whether it is even the proper party to be sued since it acted only as surety for Hanson rather than as Hanson's liability insurer.[3] Third, the interests at stake are of great significance to all parties and allegedly involve $70,000 in damages. Fourth, no showing has been made with regard to any degree of intransigence on the part of Ohio Casualty. Ohio Casualty coincidentally discovered the complaint on the same day the default judgment was entered, October 5, 1990. Ohio Casualty thereafter promptly moved for relief from the default judgment on October 30, 1990.

Based upon the foregoing, we reverse the decision of the Circuit Court of Wood County and remand this action to permit Ohio Casualty to answer and defend this case on its merits.

Reversed and remanded.

---

**3.** Because we decide this matter based upon the lower court's failure to grant relief from the default judgment under West Virginia Rule of Civil Procedure 60(b)(1), we do not address Ohio Casualty's separate contention that West Virginia Rule of Civil Procedure 60(b)(6) would also have provided an appropriate basis for relief in that Ohio Casualty was simply the wrong party and that justice would not allow the default judgment to stand.