452 S.E.2d 926

**David H. FRAZIER, Plaintiff Below, Appellant**

v.

**PIONEER CHEVROLET–CADILLAC, INC., a Corporation, Defendant Below, Appellee.**

No. 22161.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 1994.

Decided Dec. 21, 1994.

---

Christopher J. Heavens, McQueen & Brown, Charleston, for appellant.

Richard A. Hayhurst, Parkersburg, for appellee.

PER CURIAM:

This matter is before this Court on an appeal from an order entered on September 24, 1993, by the Circuit Court of Wood County, denying a motion to vacate a dismissal order, filed by David H. Frazier (hereinafter the "Appellant"). The Appellant has requested that the order of the lower court be reversed and that this case be reinstated on the lower court's docket. After a review of the record in this matter, we conclude that the lower court properly exercised its discretion in refusing to reinstate this case, and thus we affirm the lower court's order.

### I.

On November 30, 1989, the Appellant filed a civil suit in the Circuit Court of Wood County against Pioneer Chevrolet–Cadillac Inc. (hereinafter the "Appellee"). The Appellant sought to recover for the total loss of his 1987 Chevrolet Astro van. The vehicle was purchased from and serviced by the Appellee and was destroyed by fire on or about August 9, 1988. The Appellant's theo-ry of liability against the Appellee was that the Appellee's service department failed to properly reattach a fuel line while the vehicle was being serviced. As a proximate result of this failure, it is alleged that a fuel leakage caused a fire in the engine compartment of the vehicle that ultimately caused the total destruction of the vehicle.

On March 3, 1993, the Appellant's case was dismissed, pursuant to Rule 41 of the West Virginia Rules of Civil Procedure,[1] for inactivity. On April 26, 1993, the Appellant brought a motion to reinstate the case before the lower court. The lower court denied the motion, but no order was entered to reflect that ruling or its basis. On June 29, 1993, the Appellant brought a motion to reconsider before the lower court, seeking to persuade the lower court to reconsider its prior denial of the Appellant's motion to reinstate. However, the lower court denied this motion as well on the grounds that it did not have jurisdiction to rule on such a motion.[2] The record includes a transcript of the June 29, 1993, hearing.

Finally, on August 17, 1993, the Appellant filed a motion to vacate the March 3, 1993, dismissal order pursuant to Rule 60 of the West Virginia Rules of Civil Procedure.[3] In

1. Rule 41(b) of the West Virginia Rules of Civil Procedure provides in part:

   Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

2. In a per curiam order styled *State ex rel. Bert Wolfe Ford v. Hey, Judge,* no. 21586 (W.Va. June 10, 1993), this Court indicated in footnote 2 that "there is no provision within the *West Virginia Rules of Civil Procedure* allowing a motion to reconsider to be filed." In *Bert Wolfe Ford,* we ordered reinstatement of an action because of various "procedural errors." Inasmuch as this

Court today affirms, upon other grounds, the lower court's denial of reinstatement, we need not discuss the propriety of the Appellant's motion to reconsider.

3. Rule 60(b) of the West Virginia Rules of Civil Procedure provides in part:

   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

support of this motion, the Appellant submitted a supporting memorandum of law. The Appellant included as part of that memorandum the affidavit of David M. Fryson, the attorney who had originally handled the case for the Appellant. This affidavit suggested a misunderstanding as the reason for failing to go forward in the underlying civil action. According to Mr. Fryson's affidavit, counsel for the Appellee had informed him of a declaratory judgment action pending between insurance companies involved in the litigation. Thus, Mr. Fryson determined to forego any further action on the case until coverage issues between the insurance carriers were settled. According to the affidavit, counsel for the Appellee assured Mr. Fryson that he would be contacted upon such resolution, but Mr. Fryson maintained he never heard from Appellee's counsel until after the March 3, 1993, dismissal order was entered.[4]

Nevertheless, by order entered on September 24, 1993, the lower court denied the Appellant's Rule 60 motion. The record includes a transcript of the September 1993 hearing.

## II.

By way of comparison to the West Virginia Rules of Civil Procedure, West Virginia Code § 56-8-12 (1966) provides as follows:

Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any

such order shall not be entered until the accrued costs in such case shall have been paid.

Likewise, Rule 41(b) of the West Virginia Rules of Civil Procedure provides that the court may, on motion, reinstate a case within three terms after the entry of the order of dismissal. In the present case, the lower court entered the dismissal order on March 3, 1993, and the motion for reinstatement was filed on April 26, 1993, well within the three-term limit mandated by Rule 41(b).

We emphasized in syllabus point 1 of *Brent v. Board of Trustees of Davis & Elkins College*, 173 W.Va. 36, 311 S.E.2d 153 (1983), that a case may be reinstated only upon the satisfaction of two separate requirements:

Under W.Va.R.Civ.P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case.

173 W.Va. at 37, 311 S.E.2d at 154, syl. pt. 1.

The Appellant has clearly satisfied the first requirement enunciated in *Brent;* however, we do not believe that the trial court abused its discretion in determining that the Appellant did not satisfy the second. As we stated in *Brent:*

[r]ule 41(b) does not, however, dispense with a showing of good cause in order for the plaintiff to be entitled to reinstatement. This Court has always required

---

**4.** Specifically, Mr. Fryson's affidavit states as follows:

1. At all times relevant prior to February 28, 1993, I, David M. Fryson, was counsel of record in representing David H. Frazier, in Civil Action Number 89-C-1538, styled *Frazier v. Pioneer Chevrolet-Cadillac, Inc.*, pending in the Circuit Court of Wood County.

2. At all times prior to February 28, 1993, the date which I resigned from the firm of McQueen & Brown, L.C., it was my understanding that Counsel for defendant's insurance carriers preferred to wait until insurance coverage questions in a declaratory action were resolved prior to proceeding with the underlying tort action in which I represented David H. Frazier.

3. Therefore, the good cause for David H. Frazier's inactivity in this civil action was my understanding that the defendant's insurers needed to resolve insurance coverage questions prior to proceeding with the underlying tort action.

4. As support for this affidavit, I have attached a copy of correspondence referencing this insurance coverage issue exchanged between myself and defendant's attorney, Richard A. Hayhurst, (Exhibit A). Also attached is a copy of correspondence referencing this insurance coverage issue exchanged between myself and State Farm Insurance Company (Exhibit B), the insurance carrier of David H. Frazier.

good cause to be shown for reinstatement. *See Arlan's [Dept. Store of Huntington, Inc. v. Conaty,* 162 W.Va. 893, 253 S.E.2d 522 (1979) ], *supra; Nibert v. Carroll Trucking Co.,* 139 W.Va. 583, 82 S.E.2d 445 (1954); *White Sulphur Springs, Inc. v. Jarrett,* 124 W.Va. 486, 20 S.E.2d 794 (1942); *Higgs v. Cunningham,* 71 W.Va. 674, 77 S.E. 273 (1911).

173 W.Va. at 39, 311 S.E.2d at 157.

In *Gray v. Johnson,* 165 W.Va. 156, 267 S.E.2d 615 (1980), we recognized a defendant's interest in an involuntary dismissal and explained that "[i]nvoluntary dismissal for failure to prosecute should only occur when there is lack of diligence by a plaintiff and demonstrable prejudice to defendant. 165 W.Va. at 163, 267 S.E.2d at 619. In *Evans v. Gogo,* 185 W.Va. 357, 407 S.E.2d 361 (1990), we addressed a request for reinstatement by a plaintiff in a medical malpractice case. That request was based upon the withdrawal of out-of-state counsel and the concomitant delay in prosecution allegedly caused by that withdrawal. We held in *Evans* that the determination of whether the lower court abused its discretion in denying reinstatement must include an examination of "the reasons given for the delay, and the possible prejudicial effect on the defendants." *Id.* at 359, 407 S.E.2d at 363.[5]

In examining the reasons advanced by the plaintiff in *Evans,* we concluded that the withdrawal of out-of-state counsel constituted good cause for reinstatement. Additionally, the two defendants in *Evans* failed to demonstrate any prejudice occasioned by the delay in that case.

■ In the present case, we see no reason why the Appellant could not have gone forward with his case.[6] As the lower court judge indicated at the September 22, 1993, hearing, the Appellant could have checked with the circuit clerk with regard to the existence or status of a declaratory judgment action.[7] This the Appellant apparently did not do. Accordingly, the trial court determined that Appellant did not make the requisite showing of good cause necessary to compel the reinstatement of this case. Additionally, the Appellee has demonstrated the prejudice of having the vehicle which is the subject of the action destroyed,[8] and as such, the Appellee has shown that it has suffered prejudice occasioned by the Appellant's delay in prosecuting this case. Therefore, the Appellant fails to meet the standards for Rule 60(b) consideration set forth in *County Commission of Wood County v. Hanson,* 187 W.Va. 61, 415 S.E.2d 607 (1992), upon which the Appellant relies.[9]

5. The reinstatement in *Evans* was requested two days after the dismissal order was entered, thus satisfying the requirement that the reinstatement be requested within three terms of court.

6. During the September 22, 1993, hearing, the parties indicated that this case is largely a subrogation action for the benefit of the Appellant's insurer.

7. The record is unclear as to whether a declaratory judgment action was, in fact, filed. Inquiry during the September 1993 hearing on that point resulted in equivocal statements from the attorneys and a failure to confirm the existence of the declaratory judgment action. Consequently, the lower court judge was justified in indicating that the Appellant could have checked to determine whether a declaratory judgment action had been filed.

8. During the September 1993 hearing, Mr. Hayhurst, the Appellee's attorney, represented that the vehicle in question had been destroyed by the Appellant or the Appellant's insurance company.

Mr. Hayhurst further represented that the destruction of the vehicle was done after the vehicle had been examined by the Appellant but prior to an examination by the Appellee. The Appellant's brief before this Court simply states that its investigative reports were made available to the Appellee. In any event, the lower court judge indicated that the Appellee would be prejudiced by reinstatement of the case.

9. Syllabus point 2 of *Hanson* states:

'In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) the degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.' Syl. Pt. 3, *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979). 187 W.Va. at 61–62, 415 S.E.2d at 607–08.

For these reasons, we affirm the lower court's order in this matter denying the Appellant's motion to reinstate this case.

Affirmed.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.