500 S.E.2d 290

**Virginia CALLOW, Administratrix of the Estate of Maxel Leon West, Appellant,**

v.

**Remigio O. JACOB, M.D., and Roane General Hospital, Appellees.**

No. 24030.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1997.

Decided Dec. 8, 1997.

John A. Kessler, Kessler & Jones, Charleston, for Appellant.

Don R. Sensabaugh, Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, for Appellees.

PER CURIAM: [1]

Virginia Callow (hereinafter "Appellant"), as Administratrix of the estate of Maxel

---

1. We point out that a per curiam opinion is not    legal precedent. *See Lieving v. Hadley,* 188

Leon West, appeals a denial of a motion to reinstate a medical malpractice action dismissed by the Circuit Court of Roane County pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. We reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

On September 9, 1994, a wrongful death claim initiated by the Appellant was dismissed, without prejudice, by the lower court for failure to prosecute. The matter, originally filed on June 8, 1990, against Appellees Remigio Jacob, M.D., and Roane General Hospital, had been pending for one year with no activity except the filing of orders of continuance.[2] On September 23, 1994, the Appellant filed a motion for reinstatement, and no further action was taken until a hearing on the reinstatement motion on August 12, 1996, almost two years after the motion for reinstatement was filed with the lower court. At the August 12, 1996, hearing, the lower court denied the motion for reinstatement on the grounds that more than three terms of court had passed since the order of dismissal had been entered in September 1994. The lower court thus concluded that it lacked jurisdiction to reinstate the matter. No evidence was taken on the issue of whether good cause existed to excuse the neglect in failure to prosecute.

■ The Appellant asserts that the lower court erred in ruling, during the August 12, 1996, hearing, that it lacked jurisdiction to reinstate. As the Appellant emphasizes, the motion to reinstate was filed only fourteen days after the dismissal, but the lower court did not rule on that motion until August 12, 1996, after the passage of more than three terms of court. The Appellant reasons that it is inequitable to allow the lower court's

procrastination in setting the hearing to support the finding of no jurisdiction based upon the passage of three terms of court.

■ Rule 41(b) of the West Virginia Rules of Civil Procedure provides, in pertinent part, as follows:

Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

In syllabus point one of *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996), this Court held:

"Under W.Va.R.Civ.P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case." Syl. Pt. 1, *Brent v. Board of Trustees of Davis & Elkins College*, 173 W.Va. 36, 311 S.E.2d 153 (1983).

We also explained as follows in *Dimon*:

[I]t is the plaintiff's obligation to move his or her case to trial, and where the plaintiff fails to do so in a reasonable manner, the

W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per Curiam opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta* .... Other courts, such as many of the United States Circuit Court of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court

will do so in a signed opinion, not a per curiam opinion.")

2. The lower court provided no notice of its intent to dismiss the matter. *See Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996). The procedures enumerated for notice of intent in *Dimon* are not retroactive, and they are therefore not applied in the examination of the lower court's actions in 1994.

case may be dismissed as a sanction for the unjustified delay. To be clear, we squarely hold that a plaintiff has a continuing duty to monitor a case from the filing until the final judgment, and where he or she fails to do so, the plaintiff acts at his or her own peril.

*Id.* at 45, 479 S.E.2d at 344. However, we also recognized in *Dimon* that "[t]he sanction of dismissal with prejudice for the lack of prosecution is most severe to the private litigant and could, if used excessively, disserve the dignitary purpose for which it is invoked. It remains constant in our jurisprudence that the dignity of a court derives from the respect accorded its judgment." *Id.*

 West Virginia Code § 56–6–1 (1997) provides that the clerk of a circuit court, prior to every term of court, shall prepare a docket of the cases pending and, under the control of the court, set the cases and other matters for certain days. In *Woodall v. Laurita* 156 W.Va. 707, 195 S.E.2d 717 (1973), this Court reasoned: "This statute ... explicitly contemplates the control of the docket by the court and not by a party litigant." *Id.* at 709, 195 S.E.2d at 719.

The Appellees in the present case assert that the failure to obtain a hearing on the motion for reinstatement within three terms is the fault of the Appellant. Placing the burden of case perpetuation through the circuit court docket entirely upon a plaintiff, however, is unreasonable. The Appellant satisfied her Rule 41(b) responsibility of timely filing her reinstatement motion on September 23, 1994. She thereafter demonstrated a remarkable lack of diligence in attempting to contact the court to obtain a hearing date on the motion. However, we do not believe that her lack of diligence in urging the lower court to set a hearing date should destroy her right to be heard; neither should the lower court's delay prejudice the Appellant's right to an inquiry into the reasons for the initial delay in prosecuting the case. *See Frazier v. Pioneer Chevrolet–Cadillac, Inc.,* 192 W.Va. 468, 452 S.E.2d 926 (1994); *Rollyson v. Rader,* 192 W.Va. 300, 452 S.E.2d 391 (1994).

The Appellant requests this Court to reverse the decision of the lower court and to remand for an opportunity to present evidence on the issue of good cause for neglect in the prosecution of the case. That crucial inquiry was not addressed during the hearing on the Appellant's motion to reinstate since the lower court ruled that it lacked jurisdiction to hear the motion. We conclude that the lower court did not lack jurisdiction to hear the reinstatement motion, and we therefore reverse the decision of the lower court and remand this case for a hearing on the issue of good cause for neglect in the prosecution of the case.

Reversed and remanded.