# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **The Child of: Cynthia B. and Stanley O.**

**West Virginia Department of Health and
Human Resources, Bureau for
Child Support Enforcement, Petitioner Below, and
Cynthia B., Respondent Below,
Respondents**

**No. 18-0410** (Kanawha County 14-D-1001)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stanley O., by counsel Christopher T. Pritt, appeals the April 6, 2018, order of the Circuit Court of Kanawha County denying his appeal from the February 14, 2018, order of the Family Court of Kanawha County denying his motion for reconsideration.[1] Respondent West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement ("BCSE"), by counsel Dee-Ann Burdette, filed a response in support of the circuit court's order and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in summarily denying his petition for appeal as his alleged lack of notice established good cause or other justification to grant the appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 1997, the mother, Cynthia B., gave birth to a child, J.B. Although the parties were never married, the mother alleged that petitioner was the father of the child. Shortly thereafter, the BCSE filed a complaint and summons against petitioner seeking to establish

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

paternity, support obligations, and reimbursement support in the Circuit Court of Ohio County. The complaint and summons were mailed to an address in Wheeling, West Virginia, which was petitioner's mother's address. The BCSE made numerous attempts to serve petitioner but his mother claimed that he did not live at the address. Petitioner was never served, and the Ohio County case was closed in 2000.

Subsequently, both parties moved out of state. However, in 2011, petitioner contacted his child on Facebook and stated that he was her father. Petitioner did not "friend" the child so she could not learn his whereabouts. On September 6, 2011, the mother and the child moved to Kanawha County, West Virginia. For the next three years, the BCSE attempted to locate petitioner. The United States Postal Service verified that petitioner received mail at only one address—that of petitioner's mother.

On June 16, 2014, the BCSE filed a second complaint to establish paternity, child support, and reimbursement support in the Family Court of Kanawha County, along with a summons. The pleadings were forwarded to the Ohio County Sheriff's Office for personal service upon petitioner, but again, petitioner's mother stated that petitioner did not live there and only stopped by occasionally to get his things.

As a result of the failed service, the BCSE searched several databases for another address to serve petitioner, but never found another address.[2] In April of 2015, the Ohio County Sheriff's Office again attempted to serve petitioner but was given the same response from petitioner's mother. The BCSE attempted to find addresses in Pennsylvania, petitioner's alleged state of employment, as well as North Carolina, where petitioner is a party to another child support case, without success.

On December 7, 2016, petitioner called the Kanawha County BCSE and stated that his mother's address was his correct mailing address and appeared confused that the BCSE was still seeking child support for his child, who was now over the age of eighteen.

On January 30, 2017, the family court dismissed the action for lack of activity for the previous year. On February 10, 2017, a Kanawha County BCSE worker contacted petitioner's mother and was specifically told that petitioner stopped by her home every couple of months to receive his mail. That same day, petitioner called the Kanawha County BCSE office and told the worker that he had no physical or mailing address.

On February 15, 2017, petitioner went to the Ohio County BCSE office to pick up the complaint from the previously dismissed matter. The Kanawha County BCSE office sent the Ohio County BCSE office the documents, and petitioner accepted service in person on June 12, 2017.

---

[2]The databases included the following: Federal Parent Locator Service (FPLS), the National Directory of New Hire (NDNH), New Hire (NEHR), the West Virginia Department of Motor Vehicles (DMV), the West Virginia Department of Corrections (DOC), and the online location tool Accuirint.

However, petitioner again refused to give the BCSE his address or to provide a copy of his Ohio driver's license. The BCSE then moved to reinstate the previous action.

On June 15, 2017, the Family Court of Kanawha County granted the BCSE's motion and reinstated this action. Petitioner filed an answer to the complaint wherein he failed to provide his address or contact information as required by Rules 9(c) and 10(b) of the West Virginia Rules of Practice and Procedure for Family Court.[3] Petitioner further requested paternity testing, which the family court granted, and petitioner and the child were genetically tested. The order for genetic testing was mailed to petitioner's mother's home. This copy was not returned, and petitioner appeared at the correct time and place for genetic testing.

The BCSE then filed the paternity results, which revealed a 99.99% probability that petitioner was J.B.'s father. Petitioner was mailed a copy to his mother's address on August 22, 2017. A day later, the BCSE sent petitioner a notice of hearing by first-class mail to his mother's address. On August 25, 2017, the BCSE received Form 3547 from the United States Postal Service that informed the BCSE that petitioner's mail was being forwarded from his mother's address to a post office box in Wheeling, West Virginia. The postal service did not return the notice of hearing.

The family court hearing was held October 27, 2017, wherein respondents appeared but petitioner failed to appear. At the hearing, the mother requested reimbursement support[4] and

_____

[3]Rule 9(c) of the West Virginia Rules of Practice and Procedure for Family Court sets forth as follows:

> The respondent shall file the answer with the circuit clerk and serve a copy upon the petitioner within the time required by Rule 12 of the Rules of Civil Procedure. In addition to the answer, the respondent shall file the following: three copies of a completed case information statement and a financial statement completed on the form approved by the supreme court of appeals. The respondent shall also serve the petitioner a copy of all of the foregoing at the same time of filing his or her answer. In cases which may involve spousal support, child support, allocation of custodial responsibility, visitation, or paternity, the answer shall also be accompanied by a completed Bureau for Child Support Enforcement Application Income Withholding Form. Within five days of the filing of the answer the circuit clerk shall send the family court a copy of the case information statement.

Rule 10(b) of the West Virginia Rules of Practice and Procedure for Family Court sets forth, in part, as follows:

> All pleadings, forms, and document filings shall include the name, address, telephone number and state bar identification number of counsel; or if the party is self-represented, the party's contact information such as name, address, and a telephone number at which the party can be reached during normal business hours.

[4]Current child support could not be ordered as the child had already reached the age of eighteen.

evidence was taken regarding her income and that of petitioner. With petitioner's absence, the only testimony regarding his income was provided by the mother who claimed that petitioner's Facebook account boasted pictures of expensive trips, that petitioner usually drove nice vehicles, and that petitioner is a carpenter who has made a living "flipping houses." In response, the BCSE requested the family court to attribute minimum wage to petitioner's income ($1,516.76 gross monthly income)[5] and that reimbursement support be assessed back to the child's birth in November of 1997. However, the family court found that support could only be assessed back to 2011, when petitioner acknowledged paternity of the child on Facebook, and the timeframe ended upon the child's graduation from high school in May of 2016. As a result, the mother and the State of West Virginia, as her subrogee, were awarded a judgment for child support reimbursement of $57,000. Petitioner received a copy of the October 30, 2017, order and filed a motion to reconsider on February 1, 2018, seeking the opportunity to present financial information at an evidentiary hearing on the basis of his purported lack of notice of the earlier held evidentiary hearing. He then filed his amended motion to reconsider on February 20, 2018. In the amended motion, petitioner argued that the BCSE mailed documents to his post office box, but addressed them to the child's mother by mistake.[6]

Citing petitioner's previous acknowledgment that his mother's address was his proper mailing address, his failure to contact the BCSE regarding his change of address, the proof of his receipt of previous documents at his mother's address, and his lack of cooperation with the BCSE regarding his current and updated mailing address, the family court found that petitioner had no grounds for relief and denied the motion without a hearing by order entered February 14, 2018. A month later, petitioner appealed this denial to the circuit court arguing that he did not receive notice of the family court's October 27, 2017, hearing because the address at issue was his mother's address, not his own.[7] On April 6, 2018, the circuit court summarily dismissed petitioner's appeal finding no good cause or other justification. It is from the April 6, 2018, order that petitioner now appeals.

We review this matter under the following standard:

---

[5]It is worth noting that petitioner seeks a hearing before the family court to establish income when he failed to file financial documentation as required by Rule 9(c) and Rule 13 of the West Virginia Rules of Practice and Procedure for Family Court. Rule 13(a) requires the filing of completed financial statements and supporting documents such as income tax returns, recent pay stubs, and invoices and receipts documenting any extraordinary medical expenses of his or the child. When these financial filing requirements are not met, Rule 13(b) permits the family court to "refuse to grant requested relief to that party, and/or . . . accept the financial information of the other party as accurate."

[6]The BCSE admits that a clerical error resulted in the system placing the new address under Cynthia B.'s name. Accordingly, the final order was mailed to petitioner's post office box but was addressed to the mother by mistake.

[7]Before the family court, petitioner argued that his mother's address was previously a proper address, but that he had moved. On appeal to the circuit court, petitioner claimed he never lived at the address and that only his mother lived there.

4

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

In petitioner's lone assignment of error, he argues that his alleged lack of notice of the family court's hearing constituted good cause or other justification for granting his appeal. We disagree. Petitioner concedes paternity and concedes that he owes arrears in child support reimbursement. Petitioner's sole contention is that he did not receive notice of the hearing before the family court wherein his arrearages were assessed. Petitioner's first excuse for not receiving the notice of hearing was that he had moved and changed addresses. His second excuse was that he never lived at his mother's address and that the address belonged to his mother. In making these excuses, petitioner relies on the principle that his motion to reconsider should be liberally construed in order to provide relief from an onerous order and to accomplish justice.[8] Petitioner also argues that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syl. Pt. 2, *McDaniel v. Romano*, 155 W. Va. 875, 190 S.E.2d 8 (1972). Given these policies and his alleged lack of notice, petitioner claims the matter should be remanded to the family court for a hearing so that he may prove his income during the applicable support period.

As authority for his argument, petitioner relies upon *Blankenship v. Bowen's Roof Bolts Sales & Service, Inc.*, 184 W. Va. 587, 588–89, 402 S.E.2d 256, 257–58 (1991), wherein the failure of the plaintiffs to attend trial for lack of notice of the trial date constituted "good cause" within the meaning of the rules governing relief from default judgment and, therefore, the trial court abused its discretion when it refused to grant relief for the plaintiffs' failure to appear. However, in *Blankenship*, the plaintiffs' counsel requested a trial date from the judge's office but never received notice of the date actually set for trial as it was likely not sent out. Here, it is abundantly clear that the notice of hearing was filed with an attached certificate of service indicating that the BCSE mailed the notice to all parties, and, therefore, *Blankenship* is distinguishable and inapplicable to the case at bar. Petitioner also cites *Midkiff v. Kenney*, 180 W. Va. 55, 57, 375 S.E.2d 419, 421 (1988), for the same proposition but, like *Blankenship*, there was "no question that the [appellants] did not have actual notice of the trial." Again, here, there was no question that petitioner was mailed the notice of hearing at his last known address, which was forwarded to his new post office box.

---

[8]Although West Virginia Code § 51-2A-10(a) is the proper authority under which motions for reconsideration of family court orders are filed, petitioner relies on case law regarding Rule 60(b) of the West Virginia Rules of Civil Procedure due to this Court's recognition that "the grounds for relief under [West Virginia Code] § 51-2A-10(a) are almost identical to those contained in Rule 60(b)." *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), *overruled on other grounds, Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009).

5

Further, there was overwhelming evidence indicating that petitioner actually received the notice of hearing. Petitioner informed the BCSE on December 7, 2016, that his mother's address was his address, and the BCSE mailed the notice of hearing to this address in accordance with Rule 5(b) of the West Virginia Rules of Civil Procedure, two months prior to the hearing.[9] Further, petitioner admits receiving a copy of the October 30, 2017, order which was mailed to his mother's address after the hearing, and petitioner obviously received the notice of the time and place for the previous paternity testing which was also mailed to the same address.[10] Lastly, petitioner continually refused to provide another mailing or residential address to the BCSE and failed to inform the BCSE of his new post office box.

Considering petitioner's efforts to avoid service, the Court finds his argument that he failed to receive the notice of hearing before the family court untenable. As such, we find that the circuit court did not err in denying petitioner's petition for appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 13, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchinson

---

[9]Rule 5(b) of the West Virginia Rules of Civil Procedure permits service to be made upon a party "by mailing [a copy] to the . . . party at the . . . party's last-known address."

[10]The BCSE mailed at least four documents in the underlying action to petitioner's mother's address, none of which were returned to sender.